UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**THRONE B. HENDERSON, SR., et al.,**

    **Plaintiffs,**

v.                                                      Civil Action No: 3:14-cv-221 (REP)

**FIRST ADVANTAGE BACKGROUND**
**SERVICES CORP.**

    **Defendant.**

**PLAINTIFFS' RESPONSE TO DEFENDANT'S**
**STATEMENT OF POSITION ON RELATED CASE STATUS**

COMES NOW Plaintiffs, Tyrone B. Henderson, Sr., Terrell Manuel, Dawn M. Rosales, Kelvin M. Thomas, and Charles E. White, on behalf of themselves and all others similarly situated, by counsel, and for Plaintiffs' Response to Defendant's Statement of Position on Related Case Status, state as follows:

**Introduction**

Section VIII of the Civil Cover Sheet [Form JS 44 (Rev. 12/12)] requires that an attorney who files an action in or removes an action to a U.S. District Court identify any "related cases." The only instructions for completing this section appear on the reverse side of the form and state, "Related Cases. This section of JS 44 is used to reference related pending cases, if any. If there are related pending[1] cases, insert the docket numbers and the corresponding judge names for such

---

[1] The instructions for the Form JS 44 refers to "related pending cases." However, some courts direct that attorneys list related *closed* cases as well. See e.g. United States District Court Eastern District of Virginia, Clerk's Office General Filing Tips - Alexandria Division, http://www.vaed.uscourts.gov/resources/alexandriahints.html.

cases."

The Local Rules for the Eastern District of Virginia provide no guidance concerning what constitutes a related case. This omission was likely intentional, signaling that attorneys should identify all cases which may reasonably be characterized as related, with the actual determination as to whether cases are sufficiently related to warrant non-random assignment to be made by the Court and its staff.

In *Northport Pub. Sch. v. Woods*, 2012 U.S. Dist. LEXIS 11477 (W.D. Mich. 2012) (magistrate decision), the process by which the related case determination is made was described thus:

> The related-case determination is purposely set up to work as an internal process. The only input from any party that is contemplated is the answer to the short question on the Civil Cover Sheet asking plaintiff's counsel (or defense counsel in the case of removal) about the existence of a related case. This serves to alert the Clerk to the possibility of a related case, so the question can be put to a magistrate judge, obviously at a stage where the parties have no input. . . . The magistrate judge or the Chief Judge, as the case may be, makes the decision on the basis of a review of the files, without input or argument from any party. The decision is plainly administrative, and not adversarial, in nature.

*Id.* at *4-5.

Notwithstanding the limited role ordinarily played by the parties in the related case determination, by Order dated May 1, 2014 (Dkt. #6), the Court directed that Defendant file a Statement of Position, and that Plaintiff file a response, as to the related status of *Henderson, et al. v. Corelogic, Inc., et al.*, Civil Action No. 3:12cv97 ("*Corelogic*"), *Henderson, et al. v. Acxiom Risk Mitigation, Inc., et al.*, Civil Action No. 3:12cv589 ("*Acxiom*"), and *Henderson v. InfoMart, Inc.*, Civil Action No. 3:13cv578 ("*InfoMart*"), all of which were listed by Plaintiffs in Section VIII of the Civil Cover Sheet (Dkt. No. 1-1) filed in this matter. Plaintiff's Response

will also address a fourth case, *Henderson v. Backgroundchecks.com*, Civil Action No. 3:13cv29 ("*Backgroundchecks.com*"), which was also listed by Plaintiffs as related in the Civil Cover Sheet, but not mentioned in the Court's Order.

The four cases listed in Section VIII of the Civil Cover Sheet cases are related to the instant case by an overlap of plaintiffs, facts and legal issues. Plaintiffs will begin with a brief recital of the Complaint's allegations as to Henderson and Thomas, the two plaintiffs who are also plaintiffs in one or more of the related cases.

### Allegations of Complaint

**I.   Allegations as to Henderson**

Plaintiff Henderson suffered a series of rejections for employment based on inaccurate background checks furnished by multiple consumer reporting agencies. *First Amended Class Complaint* ("FACC"), Dkt. No. 3, ¶ 30. He sought legal advice, disputed the inaccurate reports, and even commenced litigation about them. *Id.*

In *Acxion* and *Corelogic*, Henderson sought relief from two different consumer reporting agencies that furnished inaccurate background reports to two prospective employers, Wal-Mart and Interstate Brands.[2] Both the Acxiom report and the Corelogic report attributed to Henderson a Pennsylvania felony conviction (breaking and entering) of a stranger with a similar name but a different social security number. As a result of the inaccurate reports, Henderson was denied employment with both Wal-Mart and Interstate Brands.

---

[2] The details concerning Henderson's ordeal with Acxiom and Wal-Mart can be found in Plaintiffs' Original Class Action Complaint (Dkt. No. 1), ¶¶ 45-58, filed in *Acxiom*. The details concerning his ordeal with Corelogic and Interstate Brands can be found in the Amended Class Action Complaint (Dkt. No. 30), ¶¶ 23-42, filed in *Corelogic*,

Despite his disputes and litigation, new reports continued to surface showing the inclusion of the stranger's Pennsylvania breaking and entering conviction. *Id.* at ¶ 30. As a result, Henderson became proactive, attempting to determine and dispute the content of his consumer file with each database that he discovered warehoused and sold criminal background checks. *Id.* at ¶ 31.

As part of his proactive efforts, Henderson wrote to First Advantage and requested a copy of his full consumer file, including a list of all companies who requested or received his consumer report. *Id.* at ¶ 32. In that same correspondence, Henderson also disputed the inaccurate information concerning the stranger's Pennsylvania felony conviction that he believed Defendant maintained in his file. *Id.* at ¶ 33. However, Defendant did not reply to Henderson's letter and did not furnish him with a copy of his consumer file. *Id.* at ¶¶ 34-35. It is Defendant's policy to refuse to provide a consumer disclosure pursuant to 15 U.S.C. § 1681g(a) if it has not previously furnished a consumer report regarding that consumer to a third party. *Id.* at ¶ 36.

## II. Allegations as to Thomas

In 2008, Thomas applied for and was hired by Cableview Communications. *Id.* at 91. In the fall of 2011, Cableview decided to sell its operations to FTS. *Id.* at ¶ 94. On September 30, 2011, Cableview and FTS collectively ordered a background report on Thomas from Backgroundchecks.com. *Id.* at ¶ 95. Thomas' report contained multiple felony convictions for another individual. *Id.* at ¶ 96. Based on the results of the background report, Cableview declined to retain Thomas and FTS declined to hire him. *Id.* at ¶ 97.[3]

---

[3]The details concerning Thomas' ordeal with Backgroundchecks.com, Cableview and FTS can be found in the Second Amended Class Complaint (Dkt. No. 35), ¶¶ 22-30, filed in *Backgroundchecks.com*.

This led Thomas to question what other background check companies might report on him as he returned to the job market. *Id.* at ¶ 98. On or about December 4, 2014 [sic], Thomas sent a letter to First Advantage requesting a copy of his entire file and disputing any accurate information contained therein. *Id.* at ¶ 99. The First Advantage response failed to provide any of the information required by § 1681g(c)(2) except Defendant's toll free number. *Id.* at ¶ 100.

## Discussion

The Local Rules of the Eastern District of Virginia do not define "related cases" as it pertains to the civil cover sheet. However, the purpose of the obligation to list related cases is to alert the Court to the possibility that judicial time and resources might be saved by assigning the new case to a judge who, by virtue of his handling of a related case or cases, is already familiar with the facts and the legal issues involved in the new case. *Shea v. Angulo*, 1994 U.S. Dist. LEXIS 3007, *5 (S.D.N.Y. 1994), citing *Bolivar v. Pocklington*, 975 F.2d 28, 33-34, n.15 (1st Cir. 1992).

In *Samsung Electronics Co., Ltd., v. Rambus Inc.*, 386 F. Supp. 2d 708, 721-22 (E.D. Va. 2005), this Court observed:

> In most cases, the "litigation of related claims in the same tribunal facilitates efficient, economical and expeditious pre-trial proceedings and discovery," and prevents "duplicative litigation and inconsistent results." [*U.S. Ship Management, Inc. v. Maersk Line, Ltd*., 357 F. Supp. 2d 924, 938 (E.D. Va. 2005)] (quoting *Berg v. First American Bankshares, Inc.*, 576 F.Supp 1239, 1243 (S.D.N.Y. 1983). Transfer and consolidation will serve the interest of judicial economy in most cases where the related actions raise similar or identical issues of fact and law. *Id.*
>
> There is another aspect of judicial economy, however, which must be considered. "Where a party has previously litigated a case involving similar issues and facts[,] 'a court in that district will likely be familiar with the facts of the case. As a matter of judicial economy, such familiarity is highly desirable.'" *Id.* (quoting *LG Electronics, Inc. v. Advance Creative Computer Corp.*, 131 F. Supp. 2d 804, 815 (E.D. Va 2001)).

> "Litigation in the same court avoids duplicative litigation where one court has already invested 'substantial time and energy' in a case." *Id.* "Duplicative litigation" takes on a different meaning in this context, but the impact on judicial economy is the same. Judicial economy and the interest of justice favor a venue which has already committed judicial resources to the contested issues and is familiar with the facts of the case.

Although *Samsung* involved a motion to transfer venue, its words are equally applicable in the context of explaining the rationale for excepting related cases from the usual rules regarding the random assignment of cases among judges within a district or division.

It is not required that the parties, facts or legal issues be identical in order for cases to be related. *Hines v. Pfizer, Inc.*, 2013 U.S. Dist. LEXIS 144518 (S.D. Ill. 2013). A case which is "closely related [and] involve[s] similar claims for relief and overlapping legal issues" is appropriately assigned to a single judge as a related case. *Id.* at *5.

In Section VIII of the Civil Cover Sheet in this matter, Plaintiff's counsel listed four cases as being related to this case. One of those cases, *Backgroundchecks.com*, shares two plaintiffs with the instant case - Kelvin Thomas and Tyrone B. Henderson, Sr. The other three cases, *Axciom*, *Corelogic* and *Infomart* share Henderson as a plaintiff.

Through *Acxion* and *Corelogic*, this Court is already well acquainted with the facts concerning Henderson and the inaccurate reporting to his prospective employers of a stranger's felony conviction for breaking and entering on his criminal background report. In *Acxiom* and *Corelogic*, Henderson sued two of the consumer reporting agencies that were responsible for furnishing, directly or indirectly, the inaccurate background checks on him to Wal-Mart and Interstate Brands, respectively. As a result of the inaccurate reports, Henderson was not hired by either prospective employer. The substantive facts concerning Henderson's claims in *Acxiom* and *Corelogic* constitute the background facts for his claim in this case. They explain why

Henderson began to seek out consumer reporting agencies, like Defendant, who furnish consumer reports for employment purposes and to request copies of his consumer files.

Henderson knew all too well that disputes made after an inaccurate background check had been furnished to a prospective employer were often ineffective to secure the employment he sought. Even assuming that a CRA could be persuaded that its report was inaccurate, there was no assurance that the job for which he applied would be available when the erroneous information was deleted or corrected. Therefore, Henderson became proactive. He sought to obtain and dispute inaccurate information in his files maintained by Defendant and other consumer reporting agencies without waiting for another adverse employment decision by another prospective employer.

Through *Backgroundchecks.com*, this Court is also well acquainted with the facts concerning Thomas and the inaccurate reporting of multiple felony convictions on his criminal background report. The erroneous convictions included felony convictions of a stranger in Louisiana for statutory rape and carnal knowledge of a juvenile and felony convictions of an individual with a different middle name in Virginia for possession with the intent to distribute marijuana and conspiracy to distribute marijuana and an associated charge of money laundering. The substantive facts concerning Thomas' claims in *Backgroundchecks.com* constitute the background facts for his claim in this case. They explain why Thomas, like Henderson, requested a copy of his consumer file from Defendant to find and correct anticipated inaccuracies therein.

Upon learning that Defendant maintains a database and provides background checks for employment purposes, both Henderson and Thomas requested that Defendant provide them with

a copy of their respective consumer files. Both Henderson's and Thomas' file requests were made under the same circumstances - proactively, in the hopes of correcting anticipated inaccuracies like those that had previously appeared in reports furnished by other CRAs to their prospective employers. Defendant failed to respond to Henderson's request. Although Defendant responded to Thomas' request, it failed to include with its response the summary of rights required by § 1681g(c)(2)(A) or to make any of the additional disclosures required by § 1681g(c)(2) other than Defendant's toll-free telephone number.

The claims for relief asserted by Henderson and Thomas against Defendant in this case are the same as those asserted by Henderson against the CRAs in *Backgroundchecks.com* and *InfoMart* - claims under § 1681g(a) for Defendant's failure to disclose the consumer files of Henderson and Thomas and under § 1681g(c)(2) for Defendant's failure to make the additional disclosures required to be made with the file disclosure.[4]

Moreover, the same legal issue will likely predominate in Henderson's and Thomas' claims in this case as will predominate in Henderson's claims in *Backgroundchecks.com* and *InfoMart*. Neither Henderson nor Thomas have any evidence that, when their §1681g file request was made, Defendant had previously prepared and provided a background check on them to any third party. The same was true as to Henderson with respect to the defendants in *Backgroundchecks.com* and *InfoMart*.

In *InfoMart*, the defendant, represented by the same counsel as represents Defendant in

---

[4]The allegations applicable to Henderson concerning the § 1681g(a) violation in *Backgroundchecks.com* can be found in the Second Amended Class Complaint (Dkt. No. 35), ¶¶ 17-21 in that action. The allegations applicable to Henderson concerning the § 1681g(c)(2) violation in *InfoMart* can be found in the Class Complaint (Dkt. No. 1), ¶¶ 26-33 in that action.

this case, filed a motion to dismiss Henderson's § 1681g claim.[5] *Henderson v InfoMart*, Civil Action No. 3:13-cv-578 (E.D. Va), Dkt. #19. In its supporting memorandum, InfoMart asserted that it never prepared or furnished a consumer report on Henderson to any third party, and as such, that it had no obligation to make the § 1681g(a) file disclosure or the additional disclosures provided for in § 1681g(c)(2). *Id.* at Dkt. #20. No decision has been rendered on the motion.

Although Defendant has not yet filed a responsive pleading in this matter, it is anticipated that Defendant's counsel will file a motion to dismiss the § 1681g claims of Henderson and Thomas raising the same legal issue as was raised in *InfoMart* - whether a consumer reporting agency has an obligation to furnish a consumer's file pursuant to § 1681g(a) or to make the additional disclosures pursuant to § 1681g(c)(2) when it has not previously prepared or furnished a consumer report on the consumer making the request. Referring this case to a different judge invites the prospect of inconsistent rulings among the various cases on this legal issue.

In summary, there is an overlap in the plaintiffs in this case and in the four listed related cases. The substantive facts regarding Henderson's claims in *Acxiom* and *Corelogic* and regarding Thomas' claims in *Backgroundchecks.com* serve as the background facts in this case. Moreover, §1681g claims asserted by Henderson and Thomas in this case have the same overriding legal issue raised by Henderson's § 1681g claims in *Backgroundchecks.com* and *Infomart* - whether a consumer reporting agency's obligation to make the disclosures required by § 1681g is dependent on a consumer report having been prepared on the consumer and furnished

---

[5] A similar motion was filed by the defendant in *Backgroundchecks.com* as to the original complaint. The motion was mooted by the filing of an amended complaint and a second amended complaint. A new motion has not been filed as of this time.

to a third party.

Given the overlap of parties, facts and legal issues, it is Plaintiffs' position that this case is related to the four cases listed in Section VIII of the Civil Cover Sheet.

## Conclusion

For the foregoing reasons, Plaintiffs respectfully suggest that the four cases listed in Section VIII of the Civil Cover Sheet in this matter are related to the instant case. As such, this case should be assigned to the Honorable Robert E. Payne to whom the four earlier cases have been assigned.

                                      **TYRONE B. HENDERSON, SR., TERRELL MANUEL, DAWN M. ROSALES, KELVIN M. THOMAS, AND CHARLES E. WHITE, on behalf of themselves and all others similarly situated,**

Date: May 20, 2014                By:    /s/ William L. Downing
                                                            Of Counsel

Christopher Colt North, Esq. (VSB #16955)
William L. Downing, Esq, (VSB #17704)
The Consumer & Employee Rights Law Firm, P.C.
751-A Thimble Shoals Boulevard
Newport News, Virginia 23606
Phone: (757) 873-1010
Fax: (757) 873-8375
cnorthlaw@aol.com and
wdowninglaw@aol.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of May, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

>Taron Kato Murakami
>SEYFARTH SHAW, LLP
>975 F Street. N.W.
>Washington, DC 20004-1454
>tmurakami@seyfarth.com

>/s/ William L. Downing
>William L. Downing