# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

**TYRONE B. HENDERSON, SR., et al.,**
*On behalf of themselves and others*
*similarly situated,*

      **Plaintiffs,**

**v.**                                    **CIVIL ACTION NO.: 3:14-cv-00221-REP**

**FIRST ADVANTAGE BACKGROUND**
**SERVICES, CORP.**

      **Defendant.**

## PLAINTIFFS' FED. R. CIV. P. 26(a)(1) DISCLOSURES

COME NOW the Plaintiffs, Tyrone B. Henderson, Sr., Terrell Manuel, Dawn M. Rosales, Kelvin M. Thomas and Charles E. White, by counsel and pursuant to Fed. R. Civ. P. 26(a)(1), and make the following disclosures to Defendant, First Advantage Background Services, Corp. These initial disclosures are based on information reasonably available to Plaintiffs at this time. Plaintiffs reserve the right to supplement these initial disclosures (either through express supplements to these disclosures or through responses to formal discovery) when additional information becomes available.

In making these initial disclosures, Plaintiffs do not waive the right to object on the grounds of competency, privilege, relevancy and materiality, hearsay or any other proper ground to the use of any such information, for any purpose, in whole or in part, and this action or any other action. Plaintiffs also do not waive the right to object to any request for production of any document, electronically stored information, or tangible thing on the basis of any privilege, the work product doctrine, evidentiary exclusion, relevancy, undue burden or any other proper ground.

I.    **Individuals likely to have discoverable information.**

a.   ***The Plaintiff, Tyrone B. Henderson, Sr.***, c/o Consumer Litigation Associates, P.C., 763 J. Clyde Morris Boulevard, Suite 1-A, Newport News, Virginia 23601.

Mr. Henderson has information regarding the facts alleged in the Second Amended Complaint.

b.   ***The Plaintiff,  Terrell Manuel,*** c/o Consumer Litigation Associates, P.C., 763 J. Clyde Morris Boulevard, Suite 1-A, Newport News, Virginia 23601.

Mr. Manuel has information regarding the facts alleged in the Second Amended Complaint including the contents of the consumer background report at issue and inaccuracies contained therein, and the effect that the inaccurate report had on her ability to obtain employment.

c.   ***The Plaintiff, Dawn M. Rosales***, c/o Consumer Litigation Associates, P.C., 763 J. Clyde Morris Boulevard, Suite 1-A, Newport News, Virginia 23601.

Mrs. Rosales has information regarding the facts alleged in the Second Amended Complaint, including the contents of the consumer background report at issue and inaccuracies contained therein, and the effect that the inaccurate report had on her ability to obtain employment.

d.   ***The Plaintiff, Kelvin M. Thomas,*** c/o Consumer Litigation Associates, P.C., 763 J. Clyde Morris Boulevard, Suite 1-A, Newport News, Virginia 23601.

Mr. Thomas has information regarding the facts alleged in the Second Amended Complaint.

e.   ***The Plaintiff, Charles White,*** c/o Consumer Litigation Associates, P.C., 763 J. Clyde Morris Boulevard, Suite 1-A, Newport News, Virginia 23601.

Mr. White has information regarding the facts alleged in the Second Amended Complaint.

f.   ***The spouse, partner or significant other and all family members, friends, and associates of Tyrone B. Henderson, Sr., Terrell Manuel, Dawn M. Rosales, Kelvin M. Thomas, Charles E. White and each putative class member.***

Counsel has not identified all such persons, and as to those who have been identified, counsel has not yet decided which of these persons they may call as witnesses.  These individuals have personal knowledge regarding each Plaintiffs or class members' issues created by Defendant's conduct as well as their damages from such conduct.

g. ***Employees of  First Advantage Background Services, Corp.***
100 Carillon Parkway
St. Petersburg, Florida 33716

Plaintiffs anticipate that certain employees and agents whose identity will be sought during discovery will have information regarding the facts alleged in Plaintiff's Second Amended Complaint, including the policies and procedures governing Defendant's collection and dissemination of public records information and other matters that pertain to Defendant's obligations under the Fair Credit Reporting Act.

h. ***Employees of Verisys Corporation***
1001 North Fairfax Street
Suite 640
Alexandria, Virginia 22314

FED. R. CIV. 30(b)(6) representatives with knowledge of any agreement between Defendant and Verisys for the supply of consumer reports, and more specifically the Fraud Abuse Control Information system report, the for employment purposes and knowledge of the identity of putative class members.

i. ***The clerks of each court and all agents, employees and/or representatives of the clerks of each court which was the original source of any derogatory public record information concerning Plaintiffs reported by Defendant and/or any predecessor of Defendant to any user of any consumer report on Plaintiff.***

These individuals have personal knowledge of facts regarding Defendant's liability and the court records maintained by the Clerks' offices.

j. ***David Alan Smith***
c/o Geoffrey H. Baskerville
Francis & Mailman, P.C.
100 South Broad Street, 19th Floor
Philadelphia, PA 19110

All facts regarding the lawsuit *David Alan Smith v. LexisNexis Screening Solutions, Inc.,* Civil No. 4:13CV10774 (E.D. MI)

k. ***Ricky Williams***
c/o Barry Seth Balmuth
1601 Forum Pl., Suite 1101
West Palm Beach, FL 33401

All facts regarding the lawsuit *Richard Alexander Williams v. First Advantage Screening Solutions, Inc.,* Civil No. 1:13CV00222-MW-GRJ.

3

l.   ***Michael R. Thomas***
c/o Leonard A. Bennett – Consumer Litigation Associates, P.C.

All facts regarding the lawsuit *Michael Thomas v. First Advantage Screening Solutions, Inc.*

m.   ***Vera Budack***
c/o Seyfarth Shaw, LLP.
1075 Peachtree Street, NE, Suite 2500
Atlanta, Georgia 30309

Facts regarding Defendant's dispute and reinvestigation policies and procedures.

n.   ***Nancy Alt***
c/o Seyfarth Shaw, LLP.
1075 Peachtree Street, NE, Suite 2500
Atlanta, Georgia 30309

Facts regarding Defendant's matching and adjudication policies and procedures.

o.   ***Bob Parsons***
c/o Seyfarth Shaw, LLP.
1075 Peachtree Street, NE, Suite 2500
Atlanta, Georgia 30309

Facts regarding Defendant's dispute and reinvestigation policies and procedures.

p.   ***Matt O'Connor***
c/o Seyfarth Shaw, LLP.
1075 Peachtree Street, NE, Suite 2500
Atlanta, Georgia 30309

Facts regarding Defendant's policies and procedures regarding retrieval and supplemental searches conducted in connection with background reports, Defendant's reinvestigations and revised background reports procedures.

q.   ***Any and all witnesses identified by the Defendant***.

r.   ***Any and all witnesses who have testified regarding similar claims in previous litigation.***

**II.     Description of documents Plaintiffs may use in support of his action:**

Other than those documents obtained from any Defendant in discovery, the Plaintiffs have the following documents in their possession and control:

*Plaintiffs' counsel will forward Plaintiffs' Bate Stamped Exhibits under separate cover to*

*Defendant's counsel.*

| Document Type | Bate Stamp # PLAINTIFFS- |
|---|---|
| Documents regarding Tyrone Henderson | **000001 -  000004** |
| Consumer report for Dawn Rosales | **000005 -  000045** |
| Consumer Disclosure Email Request – Dawn Rosales | **000046** |
| Consent Form signed by Dawn Rosales | **000047** |
| First Advantage letter to Kelvin Thomas dated 12.11.2013 | **000048** |
| Documents regarding Terrell Manuel | **000049 -000091** |
| Various Notification for Charles White | **000092 -000102** |
| Consumer report for Charles Thomas White | **000103 – 000116** |
| Letter to First Advantage from Charles White dated January 30, 2014 | **000117** |
| Letter from First Advantage to Charles White dated 2.21.2012 | **000118** |
| Letter  from First Advantage to Charles White dated 4.6.2012 | **000119 - 000129** |
| First Advantage Request for Copy of Consumer Report | **000130 – 000145** |
| First Advantage Request for Reinvestigation Instructions | **000146 - 000154** |
| First Advantage Response to FCRA Request | **000155 - 000171** |
| White Consumer Dispute Documents | **000172 - 000194** |
| ABA Endorses First Advantage's Employment Background Screening and Fingerprint Services | **000195 - 000197** |
| First Advantage – Our Company - About FADV | **000198 - 000199** |
| First Advantage – Our Company – Contact Support | **000200 - 000201** |
| Global Code of Conduct | **000202 - 000208** |
| Reed Elsevier Code of Ethics and Business Conduct | **000209 - 000241** |
| ASIS International – Pre-Employment Background Screening Guideline | **000242 - 000301** |
| Background Check Providers | **000302 - 000303** |
| FTC – Summary of Rights under the FCRA | **000304 - 000306** |
| NAPBS – Information on Accreditation Program | **000307 - 000313** |
| NAPBS – Background Screening Past-Present-Future | **000314 - 000321** |
| NAPBS – Criminal Background Checks for Employment Purposes | **000322 – 000328** |
| NABPS – Ethics and the Background Screener | **000329 - 000359** |
| NAPBS – Standardization of Common Industry Terms | **000360 - 000402** |
| NAPBS – The Facts about Background Checks | **000403 - 000406** |
| NAPBS – Verifications Best Practices – What Clients need to Know for Successful Outsourced Verifications | **000407 - 000418** |
| NAPBS – There's no such thing as a National Database for Background Checks by Melissa Sorenson – April 4, 2013 | **000419 - 000421** |
| NAPBS – Myth Busters Leave Behind | **000422 - 000423** |
| NAPBS Employer Education – Background Screening Employer Compliance with the FCRA – 12.10.10 | **000424 – 000446** |

| | |
|---|---|
| Screening 2.0 | **000447 - 000451** |
| Sleuthing 101 – A Primer – Background Checks and the Law – by Barry Nadell | **000452 – 000636** |
| National Consumer Reporting Association, Inc. – Code of Ethics | **000637** |
| Experian-Global Code of Conduct | **000638 – 000660** |
| Trans Union- Code of Business Conduct | **000661 - 000671** |
| Deposition of Vera Budack | **Identified but not produced** |
| Deposition of Nancy Alt | **Identified but not produced** |
| Deposition of Bob Parsons | **Identified but not produced** |
| Deposition of Matt O'Connor | **Identified but not produced** |

### III.     Computation of Damages

### A.     Individual Claims

### 1.  <u>Itemization of Damages</u>

Plaintiffs Manuel and Rosales seek damages for the following categories of harm as "actual damages" for their individual claims in this matter.  These actual damages are not liquidated and do not lend themselves to a statement of calculation but may be subject to an award of damages. *Williams v. Trader Pub. Co.*, 218 F.3d 481, 486 (5th Cir. 2000)–87 (5th Cir. 2000); *see Burrell v. Crown Cent. Petroleum, Inc.*, 177 F.R.D. 376, 386 (E.D. Tex. 1997). Such actual damages will be determined by the jury in this matter.

### 2.     <u>Categories and Types of Actual Damages</u>

1.     Emotional and mental anguish, frustration and annoyance from being been deterred from applying for employment.

2.     Emotional and mental anguish, frustration, humiliation, embarrassment and annoyance from being denied employment.

3.     Emotional and mental anguish, humiliation, anger and frustration, annoyance, and embarrassment as a result of the publication of false information by the Defendant.

4.     General economic damages in the form of lost employment capacity.

5.     General damages in the form of damage to reputation.

6.     Economic damage also includes the considerable time, effort, and expense Plaintiffs have been forced to expend attempting to force Defendants to comply with their statutory obligations including telephone calls, writing letters, and sending faxes.

7.     Embarrassment from having to explain circumstances to potential employers, including anxiety when considering seeking additional employment because the consumer believes, justifiably, that he or she will be forced to once again subject himself or herself to the humiliation of having to explain the false and defamatory information previously discovered.

### 3.  Caselaw Supporting Actual Damages

Plaintiffs' actual damages will likely be in keeping with the following FCRA decisions

and settlements:

- *Adams v. Phillips*, CIV.A. 01-3803, 2002 WL 31886737 (E.D. La. Dec. 19, 2002) ($200,000 actual damages);

- *Anderson v. Conwood Co.*, 34 F. Supp. 2d 650 (W.D. Tenn. 1999)($50,000 in actual damages awarded in absence of testimony other than worry, stress and anxiety);

- *Bach v. First Union*, No. 3:01CV191 (S. D. Ohio)($400,000 in actual damages);

- *Bell v. May Dep't Stores*, Missouri 2000, Case No. 22942-09508-01 (jury award $50,000 actual damages);

- *Boris v. Choicepoint Servs., Inc.*, 249 F.Supp2d 851 (W.D. Ky. Mar. 14, 2003) ($197,000 emotional distress damages remitted to $100,000 based upon inaccurate credit reporting by credit reporting agency);

- *Brimm v. Midland Credit Management, Inc.*,N.D. AL February 25, 2011 ($100,000 jury verdict for actual damages and $623,180 for punitive damages for emotional distress and lost credit based upon Defendant's violation of the Fair Credit Reporting Act.)

- *Brown v. Experian*, No. 3:01CV1967-RNC (D. Conn. April 16, 2004) ($50,000 jury verdict for emotional distress damages and lost credit in reinvestigation case under 15 U.S.C. §1681idefended by Jones Day);

- *Conseco Finance Servicing Corp. v. Carlson, District Court*, Creek County, Sapulpa Division, State of Oklahoma, No. CJ 00 227, Feb. 14, 2002 ($450,000 in actual damages for emotional distress);

- *Drew v. Equifax* No. 3:07CV726-SI (N.D. Cal. Aug. 8, 2010)($315,000 in compensatory

damages for emotional distress, plus $6,326.00 in other actuals);

- *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329 (9th Cir. 1995)(jury awarded $275,000 for humiliation and mental distress damages available under FCRA following remand);

- *Jansen v. Experian Info. Solutions, Inc.*, 05-CV-385-BR, 2011 WL 846876 (D. Or. Mar. 9, 2011) (stipulated judgment of $275,000).

- *Johnson v. MBNA,* (E.D. Va. 2002) (jury award of $90,300 for emotional distress and damage to reputation sustained against credit furnisher MBNA for negligent investigation of consumer's dispute in violation of FCRA section 1681s 2(b) appeal reported at 357 F.3d 426 (4th Cir.2004);

- *Jorgenson v Experian*, No. 96CV286-JE (D. Ore. 1998)($600,000 in actual damages);

- *Kirkpatrick v. Equifax Info. Servs., LLC*, CIV. 02-1197MO, 2005 WL 1231485 (D. Or. May 23, 2005), May 23, 2005, D. Oregon) ($210,000 actual damages for identity theft reinvestigation claim);

- *McGowan v. Warner*, No. 95CV3310 (Alabama 1999)($1.85 million to theft of identity victim);

- *Mills v. NationsBank* (3rd Judicial District, Lake City, Florida, 1999) (Jury award $140,000 actual);

- *Peer v. Lewis*, 2008 WL 2047578 (S.D. Fla)($133,200 damages, remittitur to $12,500);

- *Quitto v. Bay Colony Golf Club, Inc.*, 206CV286FTM29DNF, 2007 WL 4098847 (M.D. Fla. Nov. 15, 2007) ($130,000 actual damages);

- *Reilly v. Duval Cnty. Pub. Sch.*, 3:04-CV-1320-J-32MCR, 2007 WL 2120547 (M.D. Fla. July 23, 2007) ($208,197.18 actuals awarded, but capped at $100,000 under Florida law);

- *Robinson v. Equifax,* No. 06CV1336 (E.D. Va. 2006)($200,000 actual damages for identity theft reinvestigation claim) aff'd at 560 F.3d 235 (4th Cir. 2009);

- *Sloane v. Equifax*, No. 1:05CV1272-LMB (E.D. Va. 2005)($350,000 actual damages for identity theft reinvestigation claim);

- *Soghomonian v. United States*, CIV.F 99 CV 5773 SMS, 2005 WL 1972594 (E.D. Cal. June 20, 2005)($330,000 actual damages);

- *Stevenson v. TRW Inc.*, 987 F.2d 288 (5th Cir. 1993)($30,000 in mental anguish and embarrassment damages);

- *Thomas v. Trans Union*, No. 3:00CV1150 (Jan. 20, 2003)(docket #184)($300,000 actual damage for emotional distress);

- *Thompson v. Equifax Credit Info. Servs., Inc.*, CIV.A. 00-A-1468-S, 2003 WL 1579757 (M.D. Ala. Mar. 3, 2003), M.D. Ala., March 3, 2003) (jury award $80,000);

- *Thompson v. San Antonio Retail Merchants Ass'n*, 682 F.2d 509 (5th Cir. 1982) ($10,000 actual damages for humiliation and mental distress even when no out of pocket expenses);

- *Trans Union Corp. v. Crisp*, 49 Ark. App. 76, 896 S.W.2d 446 (1995)($15,000 compensatory damages, $25,000 punitive damages);

- *Wenger v. Trans Union*, No. 2:95CV6445-ER (C.D. Cal. 1996)($200,000 actual damages award);

- *Williams v. Equifax*, 9th Judicial Circuit, Orange County, Florida, Case No. 48-2003-CA-9035-0, Nov. 17, 2007 ($219,000 actual damages)

- *Zamora v. Valley Fed. Sav. & Loan Ass'n of Grand Junction*, 811 F.2d 1368 (10th Cir. 1987)($61,500 in actual damages for emotion distress sustained based on impermissible access of consumer report under false pretenses);

- *Zotta v. Nations Credi*t, No: 4:02 CV 1650 (E.D. Mo. Jan. 28, 2004)($87,000 actual damages award).

### 4.  **Punitive Damages**

All Plaintiffs seek unliquidated punitive damages in this matter based upon the factors

set forth in *Mathias v. Accor Econ. Lodging, Inc.*, 347 F.3d 672 (7th Cir. 2003).

### 5.  **Caselaw Supporting Punitive Damages**

Such damages are expected to fall within the general range of those cases outlined

below dealing with punitive damages in consumer employment cases:

- *Bach v. First Union Nat. Bank*, 486 F.3d 150, 152 (6th Cir. 2007) $2,628,600 in punitive damages remitted to $400,000 in one-dispute case);

- *Boris v. Choicepoint Servs., Inc.*, 249 F. Supp. 2d 851 (W.D. Ky. 2003) *amended,* CIV.A. 3:01CV-342-H, 2003 WL 23009851 (W.D. Ky. Aug. 21, 2003), ($250,000 in punitive damages award was appropriate under FCRA);

- *Brimm v. Midland Credit Management, Inc.,* No. CV 10-J-369-NE (N.D. AL February

25, 2011) ($623,180 jury verdict for punitive damages for emotional distress and lost credit based upon Defendant's violation of the Fair Credit Reporting Act.)

- *Conseco Finance Servicing Corp. v. Carlson, District Court, Creek County, Sapulpa Division, State of Oklahoma*, No. CJ-00-227, Feb. 14, 2002 (jury award of $ 900,000 in punitive damages upheld);

- *Dixon-Rollins v. Trans Union* (E.D. Pa. Civ. No. 09-0646) ($30,000 jury verdict for actual damages) (jury award of $500,000 in punitive damages, remitted to $270,000)

- *Drew v. Equifax Info. Servs., LLC*, C 07-00726 SI, 2010 WL 5022466 (N.D. Cal. Dec. 3, 2010)(No remittitur of $700,000 punitive damage award);
- *Mills v. NationsBank, N.A.* 3d Judicial District of Florida (Lake County 1999) (Jury award $300,000 punitive damages for false credit reports)

- *Soghomonian v. United States*, CIV.F 99 CV 5773 SMS, 2005 WL 1972594 (E.D. Cal. June 20, 2005) (E.D. Ca 2005)($660,000 punitive damages);

- *Thomas v. Trans Union*, No. 3:00CV1150 (D. Or. Jan. 29, 2003) ($5 million for punitive damages, remitted to $1 million);

- *Thornton v. Equifax, Inc.*, 467 F. Supp. 1008 (E.D. Ark. 1979) *rev'd,* 619 F.2d 700 (8th Cir. 1980)($250,000 in punitive damages).

- *Williams v. Equifax Information Solutions, LLC*: Circuit Ct. or 9th Judicial Circuit, Orange County, Florida – No. 48-2003-CA-9035-O; order dated Nov. 17, 2007; jury verdict, Nov. 30, 2007 ($2.7 million in punitive damages).

### B.     Class Claims

### 1.   Count I - Violation of 15 U.S.C. § 1681g(a)

Pursuant to 15 U.S.C. §1681n, Plaintiffs and each class member seek statutory damages from $100.00 to $1,000.00 per violation, punitive damages in an unliquidated amount; and for attorney's fees and costs.

### 2.   Count II - Violation of 15 U.S.C. § 1681g(c)2

Pursuant to 15 U.S.C. §1681n, Plaintiff Thomas and each class member seek statutory damages from $100.00 to $1,000.00 per violation, punitive damages in an unliquidated amount; and for attorney's fees and costs.

### 3. Count III - Violation of 15 U.S.C. § 1681i

Pursuant to 15 U.S.C. §1681n, Plaintiffs Manuel, Rosales and each class member seek statutory damages from $100.00 to $1,000.00 per violation, punitive damages in an unliquidated amount; and for attorney's fees and costs.

### 4. Count IV - Violation of 15 U.S.C. § 1681k

Pursuant to 15 U.S.C. §1681n, Plaintiffs Manuel, Rosales, White and each class member seek statutory damages from $100.00 to $1,000.00 per violation, punitive damages in an unliquidated amount; and for attorney's fees and costs.

Respectfully submitted,

**TYRONE B. HENDERSON, TERRELL MANUEL, DAWN M. ROSALES, KELVIN M. THOMAS, and CHARLES E. WHITE, on behalf of themselves and all others similarly situated,**

By_____/s/_____
Leonard A. Bennett, VSB #37523
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
E-mail: lenbennett@clalegal.com

Susan M. Rotkis, VSB#40693
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
E-mail: srotkis@clalegal.com

Matthew A. Dooley (Admitted Pro Hac Vice)
Anthony R. Pecora (Admitted Pro Hac Vice)
O'TOOLE McLAUGHLIN DOOLEY
& PECORA CO LPA
5455 Detroit Road
Sheffield Village, Ohio 44054
Telephone:        (440) 930-4001
Facsimile:        (440) 930-7208
Email:            mdooley@omdplaw.com
                  apecora@omdplaw.com

Christopher Colt North, VSB#16955
The Consumer & Employee Rights Law Firm, P.C.
751-A Thimble Shoals Boulevard
Newport News, VA 23606
Phone:  (757) 873-1010
Fax:  (757) 873-8375
Email:  cnorthlaw@aol.com

### <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 9th day of October, 2014, I electronically filed the foregoing

with the Clerk of the Court using the CM/ECF system, which will then send a notification of

such filing (NEF) to the following:

Taron Kato Murakami
Seyfarth Shaw LLP
975 F Street, NW
Washington, DC 20004-1454
202-463-2400
Fax: 202-828-5393
Email: tmurakami@seyfarth.com

Frederick Thomas Smith
Seyfarth Shaw LLP
1075 Peachtree St NE
Suite 2500
Atlanta, GA 30309-3962
(404) 885-1500
Fax: (404) 724-1521
Email: fsmith@seyfarth.com

Pamela Q Devata
Seyfarth Shaw LLP (IL-NA)
131 S Dearborn St
Suite 2400
Chicago, IL 60603-5577
(312) 460-5000
Fax: (312) 460-7882
Email: pdevata@seyfarth.com



Rebecca Suzanne Bjork
Seyfarth Shaw LLP
975 F Street NW
Washington, DC 20004-1454
(202) 828-5340
Fax: (202) 641-9219
Email: rbjork@seyfarth.com

             /s/
Leonard A. Bennett, VSB #37523
CONSUMER LITIGATION  ASSOCIATES, P.C.
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
E-mail:  lenbennett@clalegal.com