**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| TYRONE B. HENDERSON, SR., et al.,    ) | |
|    ) | |
|        Plaintiffs,    ) | |
|    ) | |
|     v.    ) | Case No. 3:14-cv-00221-JAG |
|    ) | |
| FIRST ADVANTAGE BACKGROUND    ) | |
| SERVICES, CORP.,    ) | |
|    ) | |
|        Defendant.    ) | |
|    ) | |
|    ) | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS'
SECOND AMENDED CLASS COMPLAINT**

Defendant FIRST ADVANTAGE BACKGROUND SERVICES CORP., by its attorneys and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, hereby answers Plaintiffs' Second Amended Class Complaint as follows:

**<u>INTRODUCTION</u>**

1. Defendant admits Tyrone B. Henderson, Sr. (hereinafter "Henderson"), Terrell Manuel (hereinafter "Manuel"), Dawn M. Rosales (hereinafter "Rosales"), Kelvin M. Thomas (hereinafter "Thomas"), and Charles E. White (hereinafter "White") purport to bring this class action against Defendant, but Defendant denies that it violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA") or that Plaintiffs and all others similarly situated whom they propose to represent are entitled to any relief whatsoever. Defendant denies the remaining allegations in Paragraph 1 of the Second Amended Class Complaint.

2.      Defendant admits the allegations in the first sentence of Paragraph 2 of the Second Amended Class Complaint.  Defendant denies the remaining allegations in Paragraph 2 of the Second Amended Class Complaint.

3.      Defendant admits the allegations in Paragraph 3 of the Second Amended Class Complaint.

4.      Defendant denies the allegations in Paragraph 4 of the Second Amended Class Complaint.

5.      Defendant denies the allegations in Paragraph 5 of the Second Amended Class Complaint.

6.       Defendant denies the allegations in Paragraph 6 of the Second Amended Class Complaint.

7.      Defendant denies the allegations in Paragraph 7 of the Second Amended Class Complaint.

8.      Defendant admits that Plaintiff White purports to bring a class claim under 15 U.S.C. § 1681c(a)(2) and (5), but Defendant denies that it violated those sections of the FCRA, that White's claim is appropriate for class certification, or that White is entitled to relief whatsoever.  Defendant denies the remaining allegations in Paragraph 8 of the Second Amended Class Complaint.

9.      Defendant admits that Plaintiffs Manuel, Rosales and White purport to bring individual claims under 15 U.S.C. § 1681e(b), but Defendant denies that it violated that section of the FCRA or that Plaintiffs are entitled to any relief whatsoever.  Defendant denies the remaining allegations in Paragraph 9 of the Second Amended Class Complaint.

2

10.     Defendant admits that Plaintiffs purport to bring a class claim under 15 U.S.C. § 1681g, but Defendant denies that it violated that section of the FCRA, that Plaintiffs' claims are appropriate for class certification, or that Plaintiffs are entitled to any relief whatsoever. Defendant denies the remaining allegations in Paragraph 10 of the Second Amended Class Complaint.

11.     Defendant admits that Plaintiffs purport to bring claims under 15 U.S.C. § 1681i(a)(1)(A) and 15 U.S.C. § 1681i(a)(2), but Defendant denies that it violated those sections of the FCRA, that Plaintiffs' claims are appropriate for class certification, or that Plaintiffs are entitled to any relief whatsoever.  Defendant denies the remaining allegations in Paragraph 11 of the Second Amended Class Complaint.

## JURISDICTION AND VENUE

12.     Defendant denies there are six Plaintiffs in this action.  Defendant admits the remaining allegations in Paragraph 12 of the Second Amended Class Complaint.

13.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13 of the Second Amended Class Complaint.

14.     Defendant denies the allegations in Paragraph 14 of the Second Amended Class Complaint.

## PARTIES

15.     Defendant admits the allegations in Paragraph 15 of the Second Amended Class Complaint.

16.     Defendant admits the allegations in Paragraph 16 of the Second Amended Class Complaint.

17.      Defendant admits the allegations in Paragraph 17 of the Second Amended Class Complaint.

18.      Defendant admits the allegations in Paragraph 18 of the Second Amended Class Complaint.

19.      Defendant admits the allegations in Paragraph 19 of the Second Amended Class Complaint.

20.      Defendant admits the allegations in Paragraph 20 of the Second Amended Class Complaint.

## FACTS AS TO HENDERSON

21.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21 of the Second Amended Class Complaint.

22.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22 of the Second Amended Class Complaint.

23.      Defendant admits the allegations in Paragraph 23 of the Second Amended Class Complaint.

24.      Defendant denies the allegations in Paragraph 24 of the Second Amended Class Complaint.

25.      Defendant admits the allegations in Paragraph 25 of the Second Amended Class Complaint.

26.      Defendant denies the allegations in Paragraph 26 of the Second Amended Class Complaint.

27.      Defendant denies the allegations in Paragraph 27 of the Second Amended Class Complaint.

28.     Defendant denies the allegations in Paragraph 28 of the Second Amended Class Complaint.

29.     Defendant denies the allegations in Paragraph 29 of the Second Amended Class Complaint.

30.     Defendant denies the allegations in Paragraph 30 of the Second Amended Class Complaint.

## FACTS AS TO MANUEL

31.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31 of the Second Amended Class Complaint.

32.     Defendant admits the allegations in Paragraph 32 of the Second Amended Class Complaint.

33.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33 of the Second Amended Class Complaint.

34.     Defendant denies the allegations in Paragraph 34 of the Second Amended Class Complaint.

35.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained  in Paragraph 35 of the Second Amended Class Complaint.

36.     Defendant denies the allegations in Paragraph 36 of the Second Amended Class Complaint.

37.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37 of the Second Amended Class Complaint.

38.     Defendant denies the allegations in Paragraph 38 of the Second Amended Class Complaint.

39.     Defendant denies the allegations in Paragraph 39 of the Second Amended Class Complaint.

40.     Defendant denies the allegations in Paragraph 40 of the Second Amended Class Complaint.

41.     Defendant denies the allegations in Paragraph 41 of the Second Amended Class Complaint.

42.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 42 of the Second Amended Class Complaint.

43.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 43 of the Second Amended Class Complaint.

44.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 44 of the Second Amended Class Complaint.

45.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 45 of the Second Amended Class Complaint.

46.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 46 of the Second Amended Class Complaint.

47.     Defendant denies the allegations in Paragraph 47 of the Second Amended Class Complaint.

48.     Defendant denies the allegations in Paragraph 48 of the Second Amended Class Complaint.

49.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 49 of the Second Amended Class Complaint.

50.     Defendant denies the allegations in Paragraph 50 of the Second Amended Class Complaint.

51.     Defendant admits the allegations in Paragraph 51 of the Second Amended Class Complaint.

52.     Defendant denies the allegations in Paragraph 52 of the Second Amended Class Complaint.

53.     Defendant denies the allegations in Paragraph 53 of the Second Amended Class Complaint.

54.     Defendant denies the allegations in Paragraph 54 of the Second Amended Class Complaint.

55.     Defendant denies the allegations in Paragraph 55 of the Second Amended Class Complaint.

56.     Defendant denies the allegations in Paragraph 56 of the Second Amended Class Complaint.

57.     Defendant denies the allegations in Paragraph 57 of the Second Amended Class Complaint.

58.     Defendant admits the allegations in the first sentence of Paragraph 58 of the Second Amended Class Complaint.  Defendant denies the remaining allegations in Paragraph 58 of the Second Amended Class Complaint.

59.     Defendant denies the allegations in Paragraph 59 of the Second Amended Class Complaint.

60.     Defendant denies the allegations in Paragraph 60 of the Second Amended Class Complaint.

61.      Defendant denies the allegations in Paragraph 61 of the Second Amended Class Complaint.

62.      Defendant denies the allegations in Paragraph 62 of the Second Amended Class Complaint.

## FACTS AS TO ROSALES

63.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 63 of the Second Amended Class Complaint.

64.      Defendant admits the allegations in Paragraph 64 of the Second Amended Class Complaint.

65.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 65 of the Second Amended Class Complaint.

66.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 66 of the Second Amended Class Complaint.

67      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 67 of the Second Amended Class Complaint.

68.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 68 of the Second Amended Class Complaint.

69.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 69 of the Second Amended Class Complaint.

70.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 70 of the Second Amended Class Complaint.

71.      Defendant denies the allegations in Paragraph 71 of the Second Amended Class Complaint.

72.     Defendant denies the allegations in Paragraph 72 of the Second Amended Class Complaint.

73.     Defendant admits the allegations in Paragraph 73 of the Second Amended Class Complaint.

74.     Defendant denies the allegations in Paragraph 74 of the Second Amended Class Complaint.

75.     Defendant denies the allegations in Paragraph 75 of the Second  Amended Class Complaint.

76.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 76 of the Second Amended Class Complaint.

77.     Defendant denies the allegations in Paragraph 77 of the Second  Amended Class Complaint.

78.     Defendant denies the allegations in Paragraph 78 of the Second Amended Class Complaint.

79.     Defendant denies the allegations in Paragraph 79 of the Second Amended Class Complaint.

80.     Defendant denies the allegations in Paragraph 80 of the Second Amended Class Complaint.

81.     Defendant denies the allegations in Paragraph 81 of the Second Amended Class Complaint.

82.     Defendant admits the allegations in Paragraph 82 of the Second Amended Class Complaint.

83.     Defendant denies the allegations in Paragraph 83 of the Second Amended Class Complaint.

84.     Defendant admits the allegations in Paragraph 84 of the Second Amended Class Complaint.

85.     Defendant denies the allegations in Paragraph 85 of the Second Amended Class Complaint.

## FACTS AS TO THOMAS

86.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 86 of the Second Amended Class Complaint.

87.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 87 of the Second Amended Class Complaint.

88.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 88 of the Second Amended Class Complaint.

89.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 89 of the Second Amended Class Complaint.

90.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 90 of the Second Amended Class Complaint.

91.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 91 of the Second Amended Class Complaint.

92.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 92 of the Second Amended Class Complaint.

93.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 93 of the Second Amended Class Complaint.

94.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 94 of the Second Amended Class Complaint.

95.     Defendant denies the allegations in Paragraph 95 of the Second Amended Class Complaint.

## FACTS AS TO WHITE

96.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 96 of the Second Amended Class Complaint.

97.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 97 of the Second Amended Class Complaint.

98.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 98 of the Second Amended Class Complaint.

99.     Defendant denies the allegations in Paragraph 99 of the Second Amended Class Complaint.

100.     Defendant denies the allegations in Paragraph 100 of the Second Amended Class Complaint.

101.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 101 of the Second Amended Class Complaint.

102.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 102 of the Second Amended Class Complaint.

103.     Defendant denies the allegations in Paragraph 103 of the Second Amended Class Complaint.

104.     Defendant denies the allegations in Paragraph 104 of the Second Amended Class Complaint.

105.    Defendant denies the allegations in Paragraph 105 of the Second Amended Class Complaint.

106.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 106 of the Second Amended Class Complaint.

107.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 107 of the Second Amended Class Complaint.

108.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 108 of the Second Amended Class Complaint.

109.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 109 of the Second Amended Class Complaint.

110.    Defendant denies the allegations in Paragraph 110 of the Second Amended Class Complaint.

111.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 111 of the Second Amended Class Complaint.

112.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 112 of the Second Amended Class Complaint.

113.    Defendant denies the allegations in Paragraph 113 of the Second Amended Class Complaint.

114.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 114 of the Second Amended Class Complaint.

115.    Defendant admits the allegations in Paragraph 115 of the Second Amended Class Complaint.

116.    Defendant admits the allegations in Paragraph 116 of the Second Amended Class Complaint.

117.    Defendant denies the allegations in Paragraph 117 of the Second Amended Class Complaint.

118.    Defendant denies the allegations in Paragraph 118 of the Second Amended Class Complaint.

119.    Defendant denies the allegations in Paragraph 119 of the Second Amended Class Complaint.

120.    Defendant denies the allegations in Paragraph 120 of the Second Amended Class Complaint.

121.    Defendant admits the allegations in Paragraph 121 of the Second Amended Class Complaint.

122.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 122 of the Second Amended Class Complaint.

123.    Defendant denies the allegations in Paragraph 123 of the Second Amended Class Complaint.

124.    Defendant denies the allegations in Paragraph 124 of the Second Amended Class Complaint.

125.    Defendant admits the allegations in Paragraph 125 of the Second Amended Class Complaint.

126.    Defendant admits the allegations in Paragraph 126 of the Second Amended Class Complaint.

127.     Defendant denies the allegations in Paragraph 127 of the Second Amended Class Complaint as stated.

128.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 128 of the Second Amended Class Complaint.

129.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 129 of the Second Amended Class Complaint.

130.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 130 of the Second Amended Class Complaint.

131.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 131 of the Second Amended Class Complaint.

132.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 132 of the Second Amended Class Complaint.

133.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 133 of the Second Amended Class Complaint.

134.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 134 of the Second Amended Class Complaint.

135.     Defendant denies the allegations in Paragraph 135 of the Second Amended Class Complaint.

136.     Defendant denies the allegations in Paragraph 136 of the Second Amended Class Complaint.

137.     Defendant denies the allegations in Paragraph 137 of the Second Amended Class Complaint.

## COMMON FACTS DEMONSTRATING WILLFUL VIOLATIONS

138.   Defendant denies the allegations in Paragraph 138 of the Second Amended Class Complaint.

139.   Defendant denies the allegations in Paragraph 139 of the Second Amended Class Complaint.

140.   Defendant denies the allegations in Paragraph 140 of the Second Amended Class Complaint.

141.   Defendant admits that it prepares consumer reports that sometimes contain public records.  Defendant denies the remaining allegations in Paragraph 141 of the Second Amended Class Complaint.

142.   Defendant denies the allegations in Paragraph 142 of the Second Amended Class Complaint.

143.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 143 of the Second Amended Class Complaint.

144.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 144 of the Second Amended Class Complaint.

145.   Defendant denies the allegations in Paragraph 145 of the Second Amended Class Complaint.

146.   Defendant denies the allegations in Paragraph 146 of the Second Amended Class Complaint.

147.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 147 of the Second Amended Class Complaint.

148.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 148 of the Second Amended Class Complaint.

149.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 149 of the Second Amended Class Complaint.

150.     The allegations in Paragraph 150 of the Second Amended Class Complaint are conclusions of law to which no answer is required.  To the extent these allegations may be deemed to contain factual averments requiring an answer, Defendant denies such allegations.

151.     The allegations in Paragraph 151 of the Second Amended Class Complaint are conclusions of law to which no answer is required.  To the extent these allegations may be deemed to contain factual averments requiring an answer, Defendant admits such allegations.

152.     The allegations in Paragraph 152 of the Second Amended Class Complaint are conclusions of law to which no answer is required.  To the extent these allegations may be deemed to contain factual averments requiring an answer, Defendant denies such allegations.

153.     The allegations in Paragraph 153 of the Second Amended Class Complaint are conclusions of law to which no answer is required.  To the extent these allegations may be deemed to contain factual averments requiring an answer, Defendant denies such allegations.

154.     Defendant denies the allegations in Paragraph 154 of the Second Amended Class Complaint.

155.     Defendant denies the allegations in Paragraph 155 of the Second Amended Class Complaint.

156.     Defendant denies the allegations in Paragraph 156 of the Second Amended Class Complaint.

157.    Defendant admits the allegations in Paragraph 157 of the Second Amended Class Complaint.

158.    Defendant denies the allegations in Paragraph 158 of the Second Amended Class Complaint.

159.    Defendant denies the allegations in Paragraph 159 of the Second Amended Class Complaint.

160.    Defendant denies the allegations in Paragraph 160 of the Second Amended Class Complaint.

161.    Defendant denies the allegations in Paragraph 161 of the Second Amended Class Complaint.

162.    Defendant denies the allegations in Paragraph 162 of the Second Amended Class Complaint.

163.    Defendant denies the allegations in Paragraph 163 of the Second Amended Class Complaint.

164.    Defendant denies the allegations in Paragraph 164 of the Second Amended Class Complaint.

165.    Defendant denies the allegations in Paragraph 165 of the Second Amended Class Complaint.

166.    Defendant denies the allegations in Paragraph 166 of the Second Amended Class Complaint.

167.    Defendant denies the allegations in Paragraph 167 of the Second Amended Class Complaint.

**CLAIMS FOR RELIEF**

**Count I - Violation of 25 U.S.C. ¶ 1681c(a)(2) and (5) - The "1681c Class"**
**Class Action Claim**
**(Plaintiff White)**

168.    Defendant restates its answers to Paragraphs 1-167 as its answer to Paragraph 168 of the Second Amended Class Complaint.

169.    Defendant admits that Plaintiff White purports to represent a class.  Defendant denies that Plaintiffs' class as alleged is objectively identifiable independent of a determination of merits or that Plaintiffs' claim is appropriate for class certification.

170.    Defendant denies the allegations in Paragraph 170 of the Second Amended Class Complaint.

171.    Defendant denies the allegations in Paragraph 171 of the Second Amended Class Complaint.

172.    Defendant denies the allegations in Paragraph 172 of the Second Amended Class Complaint.

173.    Defendant denies the allegations in Paragraph 173 of the Second Amended Class Complaint.

174.    Defendant denies the allegations in Paragraph 174 of the Second Amended Class Complaint.

175.    Defendant denies the allegations in Paragraph 175 of the Second Amended Class Complaint.

176.    Defendant denies the allegations in Paragraph 176 of the Second Amended Class Complaint.

177.    Defendant denies the allegations in Paragraph 177 of the Second Amended Class Complaint.

178.    Defendant denies the allegations in Paragraph 178 of the Second Amended Class Complaint.

**Count II - Violation of 15 U.S.C. §1681g(a)**
**Class Action Claim**
**(All Plaintiffs)**

179.    Defendant restates its answers to Paragraphs 1-178 as its answer to Paragraph 179 of the Second Amended Class Complaint.

180.    Defendant admits that Plaintiffs purport to represent a class.  Defendant denies that Plaintiffs' class as alleged is objectively identifiable independent of a determination of merits or that Plaintiffs' claim is appropriate for class certification.

181.    Defendant admits that Plaintiffs purport to represent a sub-class.  Defendant denies that Plaintiffs' sub-class as alleged is objectively identifiable independent of a determination of merits or that Plaintiffs' claim is appropriate for class certification.

182.    Defendant admits that Plaintiff Thomas purports to represent a sub-class.  Defendant denies that Plaintiffs' sub-class as alleged is objectively identifiable independent of a determination of merits or that Plaintiffs' claim is appropriate for class certification.

183.    The allegations in Paragraph 183 of the Second Amended Class Complaint are conclusions of law to which no answer is required.  To the extent these allegations may be deemed to contain factual averments requiring an answer, Defendant denies such allegations.

184.[1]   Defendant denies the allegations in the first Paragraph 184 of the Second Amended Class Complaint.

185.   The first Paragraph 185 of the Second Amended Complaint does not contain any allegations, and thus no answer is required.

184a.   Defendant denies the allegations in the second Paragraph 184 of the Second Amended Class Complaint.

185a.   Defendant denies the allegations in the second Paragraph 185 of the Second Amended Class Complaint.

186.   Defendant denies the allegations in Paragraph 186 of the Second Amended Class Complaint.

187.   Defendant denies the allegations in Paragraph 187 of the Second Amended Class Complaint.

188.   Defendant denies the allegations in Paragraph 188 of the Second Amended Class Complaint.

189.   Defendant denies the allegations in Paragraph 189 of the Second Amended Class Complaint.

190.   Defendant denies the allegations in Paragraph 190 of the Second Amended Class Complaint.

191.   Defendant denies the allegations in Paragraph 191 of the Second Amended Class Complaint.

---

[1] The Second Amended Complaint contains two paragraphs numbered 184 and two paragraphs numbered 185.

**Count III - Violation of 15 U.S.C. §1681i - The "1681i" Classes**
**Class Action Claim**
**(Plaintiffs Henderson, Manuel and Rosales)**

192.    Defendant restates its answers to Paragraphs 1-191 as its answer to Paragraph 192 of the Second Amended Class Complaint.

193.    Defendant admits that Plaintiffs Henderson, Manuel and Rosales purport to represent a class.  Defendant denies that Plaintiffs' class as alleged is objectively identifiable independent of a determination of merits or that Plaintiffs' claim is appropriate for class certification.

194.    The allegations in Paragraph 194 of the Second Amended Class Complaint are conclusions of law to which no answer is required.  To the extent these allegations may be deemed to contain factual averments requiring an answer, Defendant denies such allegations.

195.    Defendant denies the allegations in Paragraph 195 of the Second Amended Class Complaint.

196.    Defendant denies the allegations in Paragraph 196 of the Second Amended Class Complaint.

197.    Defendant denies the allegations in Paragraph 184 of the Second Amended Class Complaint.

198.    Defendant denies the allegations in Paragraph 198 of the Second Amended Class Complaint.

199.    Defendant denies the allegations in Paragraph 199 of the Second Amended Class Complaint.

200.    Defendant denies the allegations in Paragraph 200 of the Second Amended Class Complaint.

201.     Defendant denies the allegations in Paragraph 201 of the Second Amended Class Complaint.

202.     Defendant denies the allegations in Paragraph 202 of the Second Amended Class Complaint.

203.     Defendant denies the allegations in Paragraph 203 of the Second Amended Class Complaint.

**Count III - Violations of 15 U.S.C. §1681k- The "1681k" Class**
**Class Action Claim**
**(Plaintiffs Manuel, Rosales and White)**

204.     Defendant restates its answers to Paragraphs 1-203 as its answer to Paragraph 204 of the Second Amended Class Complaint.

205.     Defendant denies the allegations in Paragraph 205 of the Second Amended Class Complaint.

206.     Defendant denies the allegations in Paragraph 206 of the Second Amended Class Complaint.

207.     Defendant admits that Plaintiffs Manuel, Rosales and White purport to represent a class.  Defendant denies that Plaintiffs' class as alleged is objectively identifiable independent of a determination of merits or that Plaintiffs' claim is appropriate for class certification.

208.     Defendant denies the allegations in Paragraph 208 of the Second Amended Class Complaint.

209.     Defendant denies the allegations in Paragraph 209 of the Second Amended Class Complaint.

210.     Defendant denies the allegations in Paragraph 210 of the Second Amended Class Complaint.

211.    Defendant denies the allegations in Paragraph 211 of the Second Amended Class Complaint.

212.    Defendant denies the allegations in Paragraph 212 of the Second Amended Class Complaint.

213.    Defendant denies the allegations in Paragraph 213 of the Second Amended Class Complaint.

214.    Defendant denies the allegations in Paragraph 214 of the Second Amended Class Complaint.

215.    Defendant denies the allegations in Paragraph 215 of the Second Amended Class Complaint.

216.    The Second Amended Class Complaint does not contain a Paragraph 216.

217.    Defendant denies the allegations in Paragraph 217 of the Second Amended Class Complaint.

### Count V - Violations of 15 U.S.C. §1681e(b)- Individual Claims
### (Plaintiffs Manuel, Rosales, and White)

218.    Defendant restates its answers to Paragraphs 1-217 as its answer to Paragraph 218 of the Second Amended Class Complaint.

219.    Defendant denies the allegations in Paragraph 219 of the Second Amended Class Complaint.

220.    Defendant denies the allegations in Paragraph 220 of the Second Amended Class Complaint.

221.    Defendant denies the allegations in Paragraph 221 of the Second Amended Class Complaint.

222.    Defendant denies the allegations in Paragraph 222 of the Second Amended Class Complaint.

223.    Defendant denies the allegations in Paragraph 223 of the Second Amended Class Complaint.

224.    Defendant denies any and all allegations in the Second Amended Class Complaint not specifically admitted.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

First Advantage followed reasonable procedures to assure maximum possible accuracy of the information in consumer reports, if it issued any, concerning Plaintiffs or any member of the proposed putative class and otherwise made good faith efforts to comply with the FCRA.

### SECOND DEFENSE

Plaintiffs and the members of the proposed putative class are not entitled to punitive damages because First Advantage's reading of its obligations under the FCRA is not objectively unreasonable.

### THIRD DEFENSE

To the extent Plaintiffs or any member of the proposed putative class have failed to mitigate his/her alleged damages, his/her recovery, if any, must be reduced accordingly.

### FOURTH DEFENSE

To the extent Plaintiffs' or the putative class members' claims are based on acts that occurred or accrued prior to any applicable statute of limitations, such claims are time-barred.

## FIFTH DEFENSE

Joinder of the purported members of the proposed putative class, the existence of which is expressly denied, is practicable, and therefore Plaintiffs' proposed claims cannot be certified pursuant to Federal Rule of Civil Procedure 23(a)(1).

## JURY TRIAL

Defendant admits that Plaintiffs demand a trial by jury.  To the extent this allegation may be deemed to contain factual averments requiring an answer, Defendant denies all such allegations.

WHEREFORE, Defendant prays that:

1.      Plaintiffs' Second Amended Complaint be dismissed with prejudice in its entirety and that judgment be entered in Defendant's favor.

2.      Plaintiffs take nothing by Plaintiffs' Second Amended Complaint.

3.      The Court deny Plaintiffs' requested relief.

4.      The Court award Defendant its costs and such further relief as it deems just and proper.

Respectfully submitted,

FIRST ADVANTAGE BACKGROUND
SERVICES CORP.


By:  /s/ Taron K. Murakami
Taron K. Murakami  (VSB # 71307)
Rebecca S. Bjork*
SEYFARTH SHAW LLP
975 F Street, N.W.
Washington, DC 20004
(202) 463-2400
(202) 828-5393 (facsimile)
tmurakami@seyfarth.com
rbjork@seyfarth.com

Gerald L. Maatman, Jr.*
Pamela Q. Devata*
SEYFARTH SHAW LLP
131 South Dearborn Street, Suite 2400
Chicago, Illinois  60603-5577
(312) 460-5000
(312) 460-7000 (facsimile)
gmaatman@seyfarth.com
pdevata@seyfarth.com

Frederick T. Smith*
SEYFARTH SHAW LLP
1075 Peachtree Street N.E., Suite 2500
Atlanta, Georgia 30309-3962
(404) 885-1500
(404) 892-7056 (facsimile)
fsmith@seyfarth.com

*Admitted *pro hac vice*

*Attorneys for Defendant*

Date: November 14, 2014

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney hereby certifies that on November 14, 2014, she caused a copy

of the foregoing DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO

PLAINTIFFS' SECOND AMENDED CLASS COMPLAINT to be electronically filed with the

Court's CM/ECF system, which will send notification of such filing to the following counsel of

record:

Christopher C. North
William L. Downing
The Consumer & Employee Rights Law Firm,
P.C.
751-A Thimble Shoals Boulevard
Newport News, Virginia 23606

Matthew A. Dooley
Anthoney R. Pecora
O'Toole McLaughlin Dooley & Pecora Co.,
LPA
5455 Detroit Road
Sheffield Village, Ohio 44054

Susan Mary Rotkis
Leonard A. Bennett
CONSUMER LITIGATION ASSOCIATES,
P.C.
763 J. Clyde Morris Blvd., Suite 1A
Newport News, Virginia 23601


_____/s/ Taron K. Murakami_____
Taron K. Murakami
VSB #71307
SEYFARTH SHAW LLP
975 F Street, N.W.
Washington, DC 20004
(202) 463-2400
(202) 828-5393 (facsimile)
tmurakami@seyfarth.com

*Attorneys for Defendant*

18506922v.3