UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

**TYRONE B. HENDERSON, SR., et al.,**
*On behalf of themselves and others similarly situated,*

      **Plaintiffs,**

v.                                                          CIVIL ACTION NO.: 3:14-cv-00221

**FIRST ADVANTAGE BACKGROUND SERVICES, CORP.**

      **Defendant.**

## PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO COMPEL RULE 30(b)(6) TESTIMONY AND MODIFY THE SCHEDULING ORDER

The Defendant has refused to cooperate in providing a Rule 30(b)(6) deposition witness. Defendant has twice flat-out refused to produce a witness pursuant to a proper notice. The Defendant has not provided a single alternate date. The Defendant has not moved for a protective order. In its opposition to Plaintiff's Motion to Compel, Defendant puts forward a novel legal argument by asking to the Court to approve its misconduct based on its claim that it is waiting to see the Plaintiff's proposed amended complaint. There is not a shred of law that protects the Defendant from cooperating in discovery or producing a corporate designee – absent entry of a protective order – even when a party seeks to amend a complaint. The Defendant also seeks to excuse its continued misconduct by claiming it hasn't had enough time to identify a corporate witness and that the topics are objectionable. Despite the fact that Plaintiff immediately –

1

within about an hour of receiving the objections – withdrew every single deposition topic to which Defendant objected, the Defendant has just created new objections for the purpose of its opposition to Plaintiffs' motion to compel. Plaintiff also unilaterally withdrew an additional 19 topics and narrowed most of the remaining topics to the "blueline" business. (Bennett Decl. ¶¶ 6-8). For the first time ever, the Defendant raises brand new objections to the deposition topics in its opposition to the Motion to Compel. Defendant has testified to the same areas of inquiry in other cases pursuant to similar deposition notices, Defendant still represents to the court that the Plaintiff's topics are vague, overbroad and unduly burdensome. (Rotkis Decl. ¶¶ 13-16). Defendant has still not filed a motion for protective order, therefore its objections to the notice should be overruled and it should be compelled to immediately produce a witness.

## RELEVANT BACKGROUND

Plaintiff timely noticed the deposition of the Defendant's corporate witness pursuant to Fed. R. Civ. P. 30(b)(6) and Local Rule 30(H), well within the discovery period and prior to the date on which the Plaintiff's motion for class certification was due. Two business days prior to the deposition, the Defendant notified the Plaintiff it wouldn't produce anyone. Plaintiff's counsel had initiated the conversation to seek narrowing of topics through stipulation, but the Defendant only wanted to communicate through written correspondence instead of meeting and conferring on the issues. (Rotkis Decl. ¶¶ 4-5). The Defendant's only written objections to the Plaintiff's deposition notice were quickly and completely resolved within approximately an hour of receiving them. (Bennett Decl. ¶6). Defendant now raises new objections and argument that should be

completely ignored by the Court not just because they are new, but also because the Defendant has not sought a protective order.

1.   **The Defendant has not filed a timely motion for protective order and therefore has no basis to excuse it from compliance with the deposition noticed under Fed. R. Civ. P. 30(b)(6).**

The only method by which the Defendant may be excused from or may limit the deposition of a corporate designee is by timely seeking and obtaining a protective order. *Robinson v. Quicken Loans, Inc.,* 3:12-CV-00981, 2013 WL 1776100, at *3 (S.D.W. Va. Apr. 25, 2013). In that case, the court analyzed similar facts that have presented themselves here:

> When a corporation objects to a notice of Rule 30(b)(6) deposition, the proper procedure is to file a motion for protective order. *New England Carpenters Health Benefits Fund v. First Databank, Inc.,* 242 F.R.D. 164, 165–66 (D.Mass.2007). As the Court in *New England Carpenters* points out, "there is no provision in the rules which provides for a party whose deposition is noticed to serve objections so as to be able to avoid providing the requested discovery until an order compelling discovery is issued ... Put simply and clearly, absent agreement, a party who for one reason or another does not wish to comply with a notice of deposition must seek a protective order." *Id.* Unless a motion for protective order is pending, "[a] failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable." *Fed.R.Civ.P.* 37(d)(2). Consequently, once a Rule 30(b)(6) deposition notice is served, the corporation bears the burden of demonstrating *to the court* that the notice is objectionable or insufficient. Otherwise, the corporation must produce an appropriate representative prepared to address the subject matter described in the notice. *Bregman v. Dist. of Columbia,* 182 F.R.D. 352, 355 (D.D.C.1998); *see also United Consumers Club, Inc. v. Prime Time Marketing Management Inc.,* 271 F.R.D. 487, 497–98 (N.D.Ind.2010). The corporation cannot simply "decide on its own to ignore the notice," *New England Carpenters,* 242 F.R.D. at 166, or "file objections and then state that it will only produce general answers to the topics in accordance with its objections unless given more specific direction by the party seeking the deposition." *Espy v. Minformation Technologies, Inc.,* 2010 WL 1488555, at *3 (D.Kan. Apr. 13, 2010); *see also Knowledge A–Z, Inc. v. Jim Walter Resources, Inc.,* 2008 WL 2600167, at *2 (S.D. Ind. June 25, 2008) (Rule 37(d)(1)(A)(i) does not allow the filing of objections to avoid sanctions. Instead, a motion for protective order is required).

A party must seek a protective order at the "earliest possible time and certainly before the discovery procedure is to occur." *Maxey v. Gen'l Motors Corp.*, No. 3:95CV6-DA, 1996 WL 692222 (N.D. Miss. Nov. 18, 1996). A motion is untimely if it is sought after the discovery responses are due. *Id*. In this case, even if the Defendant now sought a protective order, it would be untimely because the day has long passed for it to produce its corporate designee. *Semnara v. City of Long Beach*, 68 F.3d. 481 (9th Cir. 1995). Therefore, the Defendant is without any legal basis for refusing to produce a witness pursuant to Plaintiff's deposition notice. *Robinson*, 2013 WL 1776100, at *3.

Because the Defendant is without any legal basis for refusing to produce the Rule 30(b)(6) witness, the Plaintiff's motion to compel must be granted. *Robinson*, 2013 WL 1776100, at *3. And because the Defendant's refusal to cooperate in discovery prevented the Plaintiff from obtaining the information it needed to file its motion for class certification, it is proper to extend the time in which the Plaintiffs may move for class certification after having taken the deposition they are entitled to take. *Id*.; see also *Capetta v. GC Servs. Ltd. P'ship*, No. 3:08CV288, 2008 WL 5377934, at *2, 6 (E.D.Va. Dec. 24, 2008)(extending deadlines and setting a new trial date as a remedy for refusing to comply with discovery by sitting on ineffective objections). The Plaintiffs' notices for Rule 30(b)(6) deposition was timely. Plaintiffs are not asking for additional discovery or anything other than that to which they are entitled: to take the deposition and then to have the time necessary to file their motion for class certification.

    **2.**    **Because the Defendant did not timely move for a protective order, all of its objections must be overruled.**

The Defendant seeks to deflect its discovery misconduct based on these arguments: (a) it is not required to produce a witness because it wants to see the

4

Plaintiff's proposed amended complaint first; (b) it is not required to produce a witness because it only had ten days' notice; (c) it is not required to produce a witness because it has new objections to the remaining topics and that the Plaintiff should just rely on some other form of discovery of Defendant's choosing; (d) it is not required to produce a witness because it hasn't had a meaningful meet and confer.

Each one of these excuses must be overruled and denied.

a. The Defendant hasn't cited a single authority that entitles it either to see an amended complaint before a motion for leave is filed or that would entitle it to refuse to allow its Rule 30(b)(6) witness to testify. The Plaintiffs sought consent (1) in order to file a consent motion for leave; and (2) attempt to reduce the cost, burden and perhaps the whole deposition of the corporate designee if the parties could agree to a set of stipulations. Even so, the Defendant's actions in this case belie its argument. In a meet and confer among counsel on this issue, Defendant's counsel advised that it would not consent to a motion for leave to file an amended complaint even if Plaintiffs provided it. (Bennett Decl. ¶¶ 10-12). After learning that information, Plaintiffs' counsel informed Defendant (1) Plaintiffs would not provide them with the draft amended complaint without an agreement, and (2) the proposed amended complaint has no bearing on their duty to produce a deponent. (Bennett Decl. ¶ 11).

b. The deposition notices were timely served. First, the Defendant had more than 11 days' notice of the deposition topics, and it had ten days notice of the date on which the deposition would occur. (Bennett Decl. ¶ 4; Rotkis Decl. ¶¶ 3, 17). Plaintiff initiated numerous meet and confers with the Defendant and exchanged multiple e-mails. Defendant's counsel had no authority to meaningfully compromise in any way during

telephone conversations, insisting that every discussion had to be in writing. (Rotkis Decl. ¶ 5; Bennett Decl.¶ 12-13 ). If the Defendant had an objection to the timing, it had an obligation to bring it to counsel's attention or moved for a protective order. It did neither. Yet, two days before the deposition, Defendant unilaterally informed the Plaintiff it would not produce a witness. Even when the Plaintiff withdrew every single substantive objection to the Plaintiff's deposition notice, it still refused. (Bennett Decl. ¶ 13). Most important, when the parties agreed to seek an extension of time to file the motion for class certification and to discuss the deposition topics, the Defendant refused to produce a witness and steadfastly asserted that it had not agreed to continue the deposition. (Doc. 45-11, email from Murakami to Rotkis 2/13/2015).

The Defendant has not provided citation to a single binding authority demonstrating that the notice in this case was unreasonable under Local Rule 30(H) or Fed. R. Civ. P. 30(b)(6). The Fourth Circuit affirmed this court's decision to grant a protective order when a party had five days' notice of a deposition. *Kolon Indus. v. E.I.Dupont de Nemours*, 784 F.3d. 160, 173 (4th Cir. 2014). This court has also granted a protective order on grounds that a deposition notice of 30 hours was not reasonable. *Lathon v. Wal-Mart Stores East, L.P.*, No. 3:09CV57, 2009 WL 810006 (E.D. Va. June 24, 2009). The timing of the deposition notice was important in those cases because it was substantially shorter than the originally notice timing in this case. However, most relevant to this case is the fact that those decisions could only have rendered because the movant had complied with the procedure for seeking a Rule 26(c) protective order. *Accord*, Fed. R. Civ. P. 37(d)(B)(2).

c. It is obvious First Advantage doesn't think it should be required to prepare for a deposition on almost any topic. Despite the fact that Plaintiffs immediately withdrew all the topics to which the Defendant objected, and then proceeded to unilaterally withdraw 19 additional topics and further narrow the remaining topics, Defendant for the first time raises completely new objections to just about every single topic. (Def's Mem. in Opp'n to Pl's Motion to Compel, at 10.) Indeed, the opposition does not even truly acknowledge that the Plaintiff compromised at all on Defendant's objections.

The very first example the Defendant raises in its opposition is its objection to Topic 1, which the Plaintiff already formally withdrew on February 5, 2015. Additionally, the Defendant argues that the Plaintiffs 30(b)(6) notice is improper because Plaintiff should get the information using other discovery methods. The Defendant's argument fails for two reasons. First, the Defendant has proven through its responses to Plaintiff's written discovery that it does not intend at all to produce any responsive information. (Rotkis Decl. ¶ 18). It objected to every single item of written discovery with boilerplate and general objections that are generally disfavored in this court. (Ex. 3-7); *Capetta v. GC Servs. Ltd. P'ship*, No. 3:08CV288, 2008 WL 5377934, at *2, 6 (E.D.Va. Dec. 24, 2008)(boilerplate and general objections are disfavored). Pursuant to a meet and confer on its objections, Defendant refused to withdraw a single objection. (Rotkis Decl. ¶ 18).

Second, the Defendant has cited *Dongguk Univ. v Yale Univ.*, 270 F.R.D. 70, 74 (D. Conn. 2010) to support its contention that the Rule 30(b)(6) notice in this case is "improper because it seeks a witness to testify about the contents of documents, when

such information is plainly more easily obtained through a request for the production of documents" or where "the most efficient means of obtaining such information is through propounding interrogatories." Def.'s Mem. Opp'n to Motion to Compel, at 13. The Defendant misrepresents the reasoning and the ruling in *Dongguk University:*

> Rule 30(b)(6) allows an organization to designate an individual to "testify on its behalf." *State of New Jersey v. Sprint Corp.,* 2010 WL 610671, at *2, 2010 U.S. Dist. LEXIS 14890, at *9 (D.Kan. Feb. 19, 2010). The testimony provided by a corporate representative at a 30(b)(6) deposition binds the corporation. *Id.* A party should not be prevented from questioning a live corporate witness in a deposition setting just because the topics proposed are similar to those contained in documents provided or interrogatory questions answered. *Id.* at *2, 2010 U.S. Dist. LEXIS 14890, at *9–10. When information has already been provided in other forms, a witness may still be useful to testify as to the interpretation of papers, and "any underlying factual qualifiers of those documents" (i.e. information which the defendant knows but is not apparent on the face of the documents). *Beckner v. Bayer CropScience, L.P.,* 2006 U.S. Dist. LEXIS 44197, *27, 29–30 (D.W.Va. June 28, 2006). A party may also have an interest in getting the corporation's testimony on an issue, rather than the testimony of an individual. In such a case, courts have allowed 30(b)(6) depositions in order to obtain testimony binding on the corporation even though that testimony was likely to essentially duplicate information which had already been stated in an individual deposition. *Sprint*, 2010 WL 610671, at *2, 2010 U.S. Dist. LEXIS 14890, at *9–11.
>
> A Rule 30(b)(6) Notice is subject to limitations under Rule 26 which requires that the information sought not be unduly burdensome or duplicative. Courts have found Rule 30(b)(6) notices to be unduly burdensome which merely request the duplication of other information already obtained through other discovery methods. The court in *Tri–State* also suggested that since depositions are inherently "time-consuming and inefficient," they ought to "be productive and not simply an excuse to seek information that is already known." *Tri–State Hosp. Supply Corp.*, 226 F.R.D. 118, 126 (D.D.C.2005). Where the notice seeks information which could more easily be obtained from another source, the court may refuse to allow that topic to be the subject of a 30(b)(6) deposition. *See Gossar v. Soo Line R.R. Co.,* 2009 WL 3570335, at *3, 2009 U.S. Dist. LEXIS 100931, *16–17 (S.D. Ind. Oct. 27, 2009).

*Dongguk Univ.*, 270 F.R.D. at 74. The case cited by the Defendant also explains the burden of proof requirement (which explanation the Defendant left out of its brief):

8

> The burden of proof lies with the party opposing discovery to show good cause to deny the discovery sought. *Chamberlain v. Farmington Sav. Bank,* 247 F.R.D. 288, 290 (D.Conn.2007). The party opposing the discovery sought must support its position with a "particular and specific demonstration of fact." *Gulf Oil Co. v. Bernard,* 452 U.S. 89, 102, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981). It is not enough for the party to merely make conclusory statements. *Id.*

*Id.*

In this case, the starting point is that the Plaintiff is entitled to take the corporation's deposition on duly noticed topics, even if it is on the same or similar information sought and obtained through other discovery. *Id*. If the Defendant claims that the deposition notice requests information that is unduly burdensome, the Defendant must carry the burden to show good cause to deny the discovery Plaintiff has sought. *Id*. In this case, Defendant has offered zero evidence of good cause to deny the Plaintiffs' timely discovery request. In fact, the Plaintiff has demonstrated that the Defendant has failed to respond fully to discovery and relied instead on its unanimous objections. (Rotkis Decl. ¶ 18). Thus, Defendant's argument that the discovery sought through a deposition is duplicative of information that the Plaintiff has already obtained, it is not merely conclusory, it is also illusory. (Rotkis Decl. ¶ 18).

        d.      The duty to meet and confer does not go on *ad infinitum.* Fed. R. Civ. P. 37(a) and Local Rule 37(E) require a certification by the party that a good faith effort has been made to obtain the discovery without court action. The Plaintiffs have endeavored to obtain the deposition of the corporate designee without court action and provided the proper certification. Despite the Plaintiff many attempts, emails, and phone calls, the Defendant remarkably states that it hasn't had an opportunity to meaningfully confer. Although there is no requirement for the parties to meaningfully confer under the Rules, meaningful conference is what the Plaintiffs have sought throughout this discovery

dispute. That time has now passed. The Defendant's refusal to cooperate in discovery or provide its counsel with any authority at all has rendered the meet and confer process concluded. It is now time for court intervention.

## CONCLUSION

Instead of seeking a protective order, the Defendant simply refused to produce a deponent manufacturing objections to string the process out. Even if the Defendant had timely sought a protective order, the motion would have to be denied because the Defendant has failed to articulate any cognizable authority that prevents its corporate designee from testifying.

Respectfully submitted,

**TYRONE B. HENDERSON, TERRELL MANUEL, DAWN M. ROSALES, KELVIN M. THOMAS, and CHARLES E. WHITE, on behalf of themselves and all others similarly situated,**

By_____/s/_____
Susan M. Rotkis, VSB#40693
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
E-mail: srotkis@clalegal.com
Leonard A. Bennett, VSB #37523
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
E-mail: lenbennett@clalegal.com

Matthew A. Dooley (Admitted Pro Hac Vice)
Anthony R. Pecora (Admitted Pro Hac Vice)

        O'TOOLE McLAUGHLIN DOOLEY
        & PECORA CO LPA
        5455 Detroit Road
        Sheffield Village, Ohio 44054
        Telephone:  (440) 930-4001
        Facsimile:  (440) 930-7208
        Email:       mdooley@omdplaw.com
                      apecora@omdplaw.com

        Christopher Colt North, VSB#16955
        The Consumer & Employee Rights Law Firm, P.C.
        751-A Thimble Shoals Boulevard
        Newport News, VA 23606
        Phone: (757) 873-1010
        Fax: (757) 873-8375
        Email: cnorthlaw@aol.com

**CERTIFICATE OF SERVICE**

     I hereby certify that on the 11th day of March 2015, I electronically filed the foregoing document using the CM/ECF system, which will serve and electronically notify the following of the filing:

Taron Kato Murakami
Seyfarth Shaw LLP
975 F Street, NW
Washington, DC 20004-1454
202-463-2400
Fax: 202-828-5393
Email: tmurakami@seyfarth.com

Frederick Thomas Smith
Seyfarth Shaw LLP
1075 Peachtree St NE
Suite 2500
Atlanta, GA 30309-3962
(404) 885-1500
Fax: (404) 724-1521
Email: fsmith@seyfarth.com

Pamela Q Devata
Seyfarth Shaw LLP (IL-NA)
131 S Dearborn St
Suite 2400
Chicago, IL 60603-5577
(312) 460-5000
Fax: (312) 460-7882
Email: pdevata@seyfarth.com


Rebecca Suzanne Bjork
Seyfarth Shaw LLP
975 F Street NW
Washington, DC 20004-1454
(202) 828-5340
Fax: (202) 641-9219
Email: rbjork@seyfarth.com

                                                 /s/
                       Susan M. Rotkis VSB 40693
                       CONSUMER LITIGATION ASSOCIATES, P.C.
                       763 J. Clyde Morris Blvd., Suite 1-A
                       Newport News, Virginia 23601
                       (757) 930-3660 - Telephone
                       (757) 930-3662 – Facsimile
                       E-mail: srotkis@clalegal.com