## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | |
|---|---|
| TYRONE B. HENDERSON, SR., et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 3:14-cv-00221-JAG |
| | ) |
| FIRST ADVANTAGE BACKGROUND | ) |
| SERVICES, CORP., | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

### DEFENDANT'S RESPONSES TO PLAINTIFFS'
### FIRST REQUEST FOR ADMISSIONS

Defendant, First Advantage Background Services Corp. ("First Advantage" or "Defendant"), by and through its attorneys, Seyfarth Shaw LLP, hereby submits its responses to Plaintiffs' First Requests for Admissions.

### RESERVATION OF RIGHTS

Any responses to the Requests will be subject to Defendant's right to object to the admission into evidence of any and all such responses and documents on the grounds that they, or any of them, are irrelevant to the issues in this action or are otherwise inadmissible. The responses and objections contained herein are based on Defendant's present knowledge, information and belief. These responses and objections are subject to amendment and supplementation as Defendant acquires additional information and completes its review and analysis of the facts and issues presented by the Complaint.

## GENERAL OBJECTIONS

1.      Defendant objects to these Requests to the extent they seek information or call for answers protected by the attorney-client, attorney work product or other privilege.  In responding to Plaintiff's Requests, Defendant does not waive, but rather preserves, all such privileges.

2.      Defendant objects to the instructions and definitions accompanying these Requests, as well as the Requests themselves, to the extent they purport to expand its obligation to provide information beyond that required by the Federal Rules of Civil Procedure, the Local Rules of this Court and any other Order of this Court.

3.      Defendant objects to these Requests to they are overbroad and to the extent seek information that is not relevant to the claims or defenses in this action.

4.      Each and every response to a Request will be made subject to the foregoing General Objections, regardless of whether a General Objection or specific objection is stated in the response.  The explicit reference to a General Objection or the making of a specific objection in response to a particular Request is not intended to constitute a waiver of General Objections that are not specifically referred to in that response.  Rather, the General Objections apply to each and every response.  If there are no specific objections in addition to the General Objections, this is noted.

## RESPONSES

### REQUEST NO. 1:

Admit that First Advantage, for monetary fees, regularly engages in the practice of assembling public records data for the purpose of furnishing consumer reports to third parties for employment purposes.

### RESPONSE:

Defendant objects to this request on the grounds that it is overbroad and to the extent it seeks information that is not relevant to the claims or defenses in this action.

- 2 -

Subject to and without waiving the foregoing objections, admit.

**REQUEST NO. 2:**

Admit that First Advantage provides customers who have ordered a consumer report on a particular person with immediate access to such report through its internet-based website as soon as the consumer report is completed.

**RESPONSE:**

Defendant objects to this request on the grounds that it is overbroad and to the extent it

seeks information that is not relevant to the claims or defenses in this action. Subject to and

without waiving its objections, admit.

**REQUEST NO. 3:**

Admit that First Advantage obtains information contained in its consumer reports from public records databases, including but not limited to Verisys, Inc.

**RESPONSE:**

Defendant objects to this request to the extent "public records databases" is vague and

ambiguous.  Defendant objects to this request on the grounds that it is overbroad and to the

extent it seeks information that is not relevant to the claims or defenses in this action.  Subject to

and without waiving its objections, admit.

**REQUEST NO. 4:**

Admit that First Advantage has not conducted any study or analysis to determine the accuracy of the public records database(s) from which it obtains public records information.

**RESPONSE:**

Defendant objects to this request to the extent "public records databases" is vague and

ambiguous.  Defendant objects to this request on the grounds that it is overbroad and to the

extent it seeks information that is not relevant to the claims or defenses in this action.  Subject to

and without waiving its objections, deny.

19031677v.2

**REQUEST NO. 5:**

Admit that First Advantage instituted policies and procedures regarding the process through which First Advantage assembles and provides public record information to its customers.

**RESPONSE:**

Defendant objects to this request to the extent "the process" is vague and ambiguous.

Defendant objects to this request on the grounds that it is overbroad and to the extent it seeks

information that is not relevant to the claims or defenses in this action. Subject to and without

waiving its objections, admit.

**REQUEST NO. 6:**

Admit that First Advantage's policies and procedures referred to in Request for Admission No. 5 do not follow the requirements of the Federal Fair Credit Report Act set forth in 15 U.S.C. § 1681 et seq.

**RESPONSE:**

Subject to and without waiving the General Objections, deny.

**REQUEST NO. 7:**

Admit that First Advantage's written policies and procedures do not require that consumers be notified that information from public records is being reported to employers at the time the information is reported to third parties.

**RESPONSE:**

Defendant objects to this request on the grounds that it is overbroad and to the extent it

seeks information that is not relevant to the claims or defenses in this action. Subject to and

without waiving its objections, deny.

**REQUEST NO. 8:**

Admit that First Advantage does not provide notification to consumers within the meaning of 15 U.S.C. § 1681k through the United States Postal Service.

**RESPONSE:**

Defendant objects to this request on the grounds that it is overbroad and to the extent it

seeks information that is not relevant to the claims or defenses in this action.  Subject to and

without waiving its objections, deny.

**REQUEST NO. 9:**

Admit that in 2012, First Advantage provided a consumer report purportedly about
Named Plaintiff *Terrell Manuel* to a third party through First Advantage's web-based access
portal.

**RESPONSE:**

Defendant objects to this request on the grounds that it is overbroad and to the extent it

seeks information that is not relevant to the claims or defenses in this action.  Subject to and

without waiving its objections, admit.

**REQUEST NO. 10:**

Admit that in 2013, First Advantage provided a consumer report purportedly about
Named Plaintiff *Dawn M. Rosales* to a third party through First Advantage's web-based access
portal.

**RESPONSE:**

Defendant objects to this request on the grounds that it is overbroad and to the extent it

seeks information that is not relevant to the claims or defenses in this action.  Subject to and

without waiving its objections, admit.

**REQUEST NO. 11:**

Admit that in 2012, First Advantage provided a consumer report purportedly about
Named Plaintiff *Charles E. White* to a third party through First Advantage's web-based access
portal.

**RESPONSE:**

Defendant objects to this request on the grounds that it is overbroad and to the extent it

seeks information that is not relevant to the claims or defenses in this action. Subject to and

without waiving its objections, admit.

**REQUEST NO. 12:**

Admit that First Advantage assembled the consumer reports identified in Requests for
Admission No. 9 through No. 11 using public records data.

**RESPONSE:**

Defendant objects to this request to the extent "public records data" is vague and

ambiguous. Defendant objects to this request on the grounds that it is overbroad and to the

extent it seeks information that is not relevant to the claims or defenses in this action. Subject to

and without waiving its objections, admit.

**REQUEST NO. 13:**

Admit that the consumer reports identified in Requests for Admission No. 9 through No.
11 contained information, are likely to have adverse on each respective Named Plaintiff's ability
to obtain employment.

**RESPONSE:**

Defendant objects to this request because it is unintelligible. Defendant objects to this

request to the extent "likely to have adverse" is vague and ambiguous. Defendant objects to this

request on the grounds that it is overbroad and to the extent it seeks information that is not

relevant to the claims or defenses in this action. Subject to and without waiving its objections,

deny.

**REQUEST NO. 14:**

Admit that First Advantage did not notify ***Terrell Manuel*** that adverse public record
information was being reported at the time the consumer report was made available to First
Advantage's customer.

**RESPONSE:**

Defendant objects to this request to the extent "adverse public record information" is

vague and ambiguous.  Defendant objects to this request to the extent "the consumer report" is

vague and ambiguous.  Subject to and without waiving its objections, admit.

**REQUEST NO. 15:**

Admit that First Advantage did not notify *Dawn M. Rosales* that adverse public record
information was being reported at the time the consumer report was made available to First
Advantage's customer.

**RESPONSE:**

Defendant objects to this request to the extent "adverse public record information" is

vague and ambiguous.  Defendant objects to this request to the extent "the consumer report" is

vague and ambiguous.  Subject to and without waiving its objections, admit.

**REQUEST NO. 16:**

Admit that First Advantage did not notify *Charles E. White* that adverse public record
information was being reported at the time the consumer report was made available to First
Advantage's customer.

**RESPONSE:**

Defendant objects to this request to the extent "adverse public record information" is

vague and ambiguous.  Defendant objects to this request to the extent "the consumer report" is

vague and ambiguous.  Subject to and without waiving its objections, admit.

**REQUEST NO. 17:**

Admit that *Charles E. White's* consumer report as described in Request No. 16 contained
non-conviction records that preceded the date the consumer report was prepared by more than
seven years.

**RESPONSE:**

Defendant objects to this request to the extent "the consumer report" is vague and

ambiguous.  Subject to and without waiving its objections, deny.

19031677v.2

**REQUEST NO. 18:**

Admit that between 2009 and the present, First Advantage has not utilized a policy or procedure to delete non-conviction records that precede a consumer report by more than seven years before furnishing the consumer report to a third party.

**RESPONSE:**

Defendant objects to this request to the extent "the consumer report" is vague and

ambiguous. Defendant objects to this request on the grounds that it is overbroad and to the

extent it seeks information that is not relevant to the claims or defenses in this action. Subject to

and without waiving its objections, deny.

**REQUEST NO. 19:**

Admit that in March 2012, *Charles E. White* faxed a dispute to First Advantage, which included First Advantage's specific dispute forms, a copy of his photo identification, Maricopa County court records, and his criminal history as reported by the U.S. Department of Justice and Federal Bureau of Investigation.

**RESPONSE:**

Defendant objects to this request to the extent "First Advantage's specific dispute forms"

is vague and ambiguous. Subject to and without waiving its objections, admit.

**REQUEST NO. 20:**

Admit that in April 2012, First Advantage notified *Charles E. White* that it had completed its reinvestigation of his dispute.

**RESPONSE:**

Subject to and without waiving the General Objections, admit.

**REQUEST NO. 21:**

Admit that the notification to *Charles E. White* described in Request No. 20 did not include a copy of his revised consumer report.

**RESPONSE:**

Defendant objects to this request to the extent "his revised consumer report" is vague and

ambiguous. Subject to and without waiving its objections, deny.

19031677v.2

**REQUEST NO. 22:**

Admit that in January 2014, *Charles E. White* again requested that First Advantage provide him with a copy of his consumer file.

**RESPONSE:**

Defendant objects to this request to the extent it assumes facts not in evidence. Subject to

and without waiving its objections, admit.

**REQUEST NO. 23:**

Admit that in response to *Charles E. White's* request as described in Request No. 22, First Advantage notified *Charles E. White* three times that he must first complete First Advantage's specific forms before First Advantage would provide him with a copy of his consumer file.

**RESPONSE:**

Defendant objects to this request to the extent "First Advantage's specific forms" is

vague and ambiguous. Subject to and without waiving its objections, deny.

**REQUEST NO. 24:**

Admit that *Charles E. White* complied with First Advantage's demands as described in Request No. 23.

**RESPONSE:**

Defendant objects to this request to the extent "First Advantage's demands" is vague and

ambiguous. Subject to and without waiving its objections, deny.

**REQUEST NO. 25:**

Admit that correspondence sent by United States Mail by first class postage, would not reach Plaintiffs on the same day the correspondence is deposited in the mail.

**RESPONSE:**

Defendant objects to this request on the grounds that it is overbroad and to the extent it

seeks information that is not relevant to the claims or defenses in this action. Subject to and

without waiving its objections, admit.

**REQUEST NO. 26:**

Admit that mailing the correspondence described in 15 U.S.C. § 1681k(a)(1) to Named Plaintiffs *Terrell Manuel, Dawn M. Rosales* or *Charles E. White* a day after the same information is provided to First Advantage's customers would violate First Advantage's policies and procedures.

**RESPONSE:**

Defendant objects to this request on the grounds that it is overbroad and to the extent it

seeks information that is not relevant to the claims or defenses in this action.  Subject to and

without waiving its objections, deny.

**REQUEST NO. 27:**

Admit that prior to providing a consumer report purportedly regarding *Terrell Manuel* in 2012, First Advantage did not independently verify that the information contained in the report actually pertained to *Terrell Manuel.*

**RESPONSE:**

Defendant objects to this request to the extent the terms "consumer report,"

"independently verify," and "actually pertained" are vague and ambiguous.  Subject to and

without waiving its objections, deny.

**REQUEST NO. 28:**

Admit that prior to providing the 2013 consumer report purportedly regarding *Dawn M. Rosales*, First Advantage did not independently verify that the information contained in the report actually pertained to *Dawn M. Rosales.*

**RESPONSE:**

Defendant objects to this request to the extent "2013 consumer report" is vague and

ambiguous.  Subject to and without waiving its objections, deny.

**REQUEST NO. 29:**

Admit that prior to providing the 2012 consumer report purportedly regarding *Charles E. White* First Advantage did not independently verify that the information contained in the report actually pertained to *Charles E. White.*

19031677v.2

**RESPONSE:**

Defendant objects to this request to the extent "2012 consumer report" is vague and

ambiguous.  Subject to and without waiving its objections, deny.

**REQUEST NO. 30:**

Admit that when a potential "hit" is identified in First Advantage's consumer reports,
First Advantage does not verify the information with the court or public source prior to providing
the consumer report to its clients.

**RESPONSE:**

Defendant objects to this request to the extent "hit," "public source," and "consumer

report" are vague and ambiguous.  Subject to and without waiving its objections, deny.

**REQUEST NO. 31:**

Admit that First Advantage has the capability to verify the accuracy of public record
information by conducting a live inspection of the records at the appropriate courthouse or other
public entity from which the public records data originated.

**RESPONSE:**

Defendant objects to this request to the extent "public record information" is vague and

ambiguous.  Defendant objects to this request on the grounds that it is overbroad and to the

extent it seeks information that is not relevant to the claims or defenses in this action.  Subject to

and without waiving its objections, deny.

**REQUEST NO. 32:**

Admit that between 2009 and the present, on average, First Advantage provides over
5,000 adverse consumer reports each month.

**RESPONSE:**

Defendant objects to this request to the extent "adverse consumer reports" is vague and

ambiguous.  Defendant objects to this request on the grounds that it is overbroad and to the

extent it seeks information that is not relevant to the claims or defenses in this action.  Subject to

19031677v.2

and without waiving its objections, Defendant states that because it is unclear what "adverse consumer reports" refers to, it is unable to answer this Request.

**REQUEST NO. 33:**

Admit that First Advantage maintains no procedure governing its responsibility to provide contemporaneous notification to consumers pursuant to 15 U.S.C. § 1681k(a)(1).

**RESPONSE:**

Defendant objects to this request on the grounds that it is overbroad and to the extent it seeks information that is not relevant to the claims or defenses in this action. Defendant objects to this request to the extent it misstates the language of 15 U.S.C. § 1681k(a)(1). Subject to and without waiving its objections, deny.

**REQUEST NO. 34:**

Admit that First Advantage does not provide contemporaneous notification to consumers at the time adverse information is provided to First Advantage's customers.

**RESPONSE:**

Defendant objects to this request on the grounds that it is overbroad and to the extent it seeks information that is not relevant to the claims or defenses in this action. Defendant objects to this request to the extent it misstates the language of 15 U.S.C. § 1681k(a)(1). Subject to and without waiving its objections, deny.

**REQUEST NO. 35:**

Admit that First Advantage does not maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date.

**RESPONSE:**

Defendant objects to this request on the grounds that it is overbroad and to the extent it seeks information that is not relevant to the claims or defenses in this action. Subject to and without waiving its objections, deny.

**REQUEST NO. 36:**

Admit that from 2009 through the present, First Advantage has not contracted with any third party mailing company to provide mailing services regarding First Advantage's consumer reports and notifications to consumers regarding adverse information.

**RESPONSE:**

Defendant objects to this request on the grounds that it is overbroad and to the extent it

seeks information that is not relevant to the claims or defenses in this action. Subject to and

without waiving its objections, deny.

**REQUEST NO. 37:**

Admit that in 2013, *Tyrone B. Henderson, Sr.* verbally requested that First Advantage provide him with a copy of his consumer file.

**RESPONSE:**

Defendant objects to this request on the grounds that it is overbroad and to the extent it

seeks information that is not relevant to the claims or defenses in this action. Subject to and

without waiving its objections, Defendant has made a reasonable inquiry and the information it

can readily obtain is insufficient to be able to admit or deny this Request.

**REQUEST NO. 38:**

Admit that after receiving *Tyrone B. Henderson, Sr.'s* request described in Request No. 37, First Advantage advised *Tyrone B. Henderson, Sr.* that he must submit his request in writing using a specific form prepared by First Advantage, together with a copy of his photo identification.

**RESPONSE:**

Defendant objects to this request on the grounds that it is overbroad and to the extent it

seeks information that is not relevant to the claims or defenses in this action. Subject to and

without waiving its objections, deny.

**REQUEST NO. 39:**

Admit that since 2009, First Advantage has required any consumer who requests a copy of their consumer file to make such a request in writing using First Advantage's specific forms.

19031677v.2

**RESPONSE:**

Defendant objects to this request on the grounds that it is overbroad and to the extent it

seeks information that is not relevant to the claims or defenses in this action.  Defendant objects

to this request to the extent "First Advantage's specific forms" is vague and ambiguous.  Subject

to and without waiving its objections, deny.

**REQUEST NO. 40:**

Admit that after ***Tyrone B. Henderson, Sr.*** complied with First Advantage's instructions
as described in Request No. 38, First Advantage notified Henderson that it showed no record of
him in its database and no requests for his records by third parties.

**RESPONSE:**

Defendant objects to this request on the grounds that it assumes facts not in evidence.

Subject to and without waiving its objections, deny.

**REQUEST NO. 41:**

Admit that if a customer had requested information regarding ***Tyrone B. Henderson, Sr.***
between 2009 and the present, First Advantage would have prepared a consumer report about
him using data maintained in its databases.

**RESPONSE:**

Defendant objects to this request to the extent "databases" is vague and ambiguous.

Defendant objects to this request on the grounds that it is overbroad and to the extent it seeks

information that is not relevant to the claims or defenses in this action.  Subject to and without

waiving its objections, deny.

**REQUEST NO. 42:**

Admit that in 2011, ***Kelvin M. Thomas*** sent First Advantage a letter requesting a copy of
his consumer file and addressing potentially inaccurate information contained therein.

**RESPONSE:**

Defendant objects to this request on the grounds that it is overbroad and to the extent it

seeks information that is not relevant to the claims or defenses in this action.  Subject to and

without waiving its objections, deny.

**REQUEST NO. 43:**

Admit that in response to *Kelvin M. Thomas's* request described in Response No.
42, First Advantage failed to provide any of the information to *Kelvin M. Thomas* that is
required under 15 U.S.C. § 1681g(c)(2), except First Advantage's toll-free number.

**RESPONSE:**

Defendant objects to this request on the grounds that it is overbroad and to the extent it

seeks information that is not relevant to the claims or defenses in this action.  Subject to and

without waiving its objections, deny.


DATED:  February 26, 2015                    Respectfully submitted,

                                             FIRST ADVANTAGE BACKGROUND
                                             SERVICES CORP.


                                             By:  /s/ Taron K. Murakami
                                             Taron K. Murakami  (VSB # 71307)
                                             Rebecca S. Bjork*
                                             SEYFARTH SHAW LLP
                                             975 F Street, N.W.
                                             Washington, DC 20004
                                             (202) 463-2400
                                             (202) 828-5393 (facsimile)
                                             tmurakami@seyfarth.com
                                             rbjork@seyfarth.com

                                             Gerald L. Maatman, Jr.*
                                             Pamela Q. Devata*
                                             SEYFARTH SHAW LLP
                                             131 South Dearborn Street, Suite 2400
                                             Chicago, Illinois  60603-5577

19031677v.2

(312) 460-5000
(312) 460-7000 (facsimile)
gmaatman@seyfarth.com
pdevata@seyfarth.com

Frederick T. Smith*
SEYFARTH SHAW LLP
1075 Peachtree Street N.E., Suite 2500
Atlanta, Georgia 30309-3962
(404) 885-1500
(404) 892-7056 (facsimile)
fsmith@seyfarth.com

*Admitted *pro hac vice*

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2015, a true and correct copy of the foregoing

Defendant's Responses to Plaintiff's Requests for Admission to be served via U.S. Mail, postage

prepaid, and e-mail to the following:

Christopher C. North
William L. Downing
The Consumer and Employee Rights Law
Firm PC
751 A Thimble Shoals Blvd
Newport News, VA 23606
(757) 873-1010
Email: cnorthlaw@aol.com
Email: wdowninglaw@aol.com

Matthew A. Dooley
Anthoney R. Pecora
O'Toole McLaughlin Dooley & Pecora Co.,
LPA
5455 Detroit Road
Sheffield Village, OH 44054
440-930-4017
Email: mdooley@omdplaw.com
Email: apecora@sheffieldlaw.com

Susan Mary Rotkis
Leonard A. Bennett
Consumer Litigation Associates
763 J Clyde Morris Boulevard
Suite 1A
Newport News, VA 23601
757-930-3660
Email: srotkis@clalegal.com
Email: lenbennett@clalegal.com

_____/s/ Taron K. Murakami_____
Taron K. Murakami, VSB #71307
SEYFARTH SHAW LLP
975 F Street, N.W.
Washington, DC 20004
(202) 463-2400
(202) 828-5393 (facsimile)
tmurakami@seyfarth.com
*Counsel for Defendant*

19031677v.2