IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

TYRONE B. HENDERSON, SR., et al.,

    Plaintiffs,

v.                                       Civil Case No. 3:14-cv-221-JAG

FIRST ADVANTAGE BACKGROUND SERVICES, CORP.,

    Defendants.

### ORDER

This matter is before the Court on the plaintiff's motion for sanctions. (Dk. No. 64.) The Court strikes the plaintiff's memorandum in support of its motion for sanctions (Dk. No. 65), which exceeds the page limitation for briefs set forth in the local rules. Opening briefs may be thirty pages long. Local Civil Rule 7(F) & 37(B). A party may not get around this rule by not numbering the first page, or by not counting the last few pages. Further, as the Court has often stated to counsel for the plaintiffs, the rules do not require a brief to be thirty pages long; briefs may be shorter. In fact, a short brief that focuses on the most salient points is generally more effective than one that touches upon every legal issue fecund minds can conceive.[1] The plaintiff must file a revised brief on or before April 2, 2015. The defendants' response to the revised brief is due on April 7, 2015. The Court will hold a hearing on all pending discovery matters on April 9, 2015. The parties should contact chambers to set a time for the hearing.

Further, the Court notes that the defendant has made a number of discovery responses "subject to" various objections. This amounts to no answer at all, for it says, essentially, "here is

---

[1] The Court notes that, using similar tactics, the defendant has exceeded the page limit for its brief in support of its motion for summary judgment. It is possible that the defendant will file an unopposed motion for leave to refile a brief within the page limit.

some information, but there could be more that you are not getting." For any answers that are "subject to" objections, the defendants are directed, by April 7, 2015, to state either that their response is complete, or (in the case of documents) to provide a list of documents withheld, or (in the case of interrogatories) to describe what kind of information is not provided.

The Court also notes that the defendant has made a number of objections to discovery that are of doubtful merit. For instance, in Request for Production 10, plaintiffs ask for the "source" of adverse information about the named plaintiffs, and state that "public record compan[ies]" are among the sources to which the request applies. The defendant objects for a number of reasons, including the fact that its lawyers apparently do not understand what a "source" or a "public information company" are. According to their website, the defense team in this case consists of two Georgetown Law graduates (one *cum laude*), and graduates of Northwestern Law, the University of Pennsylvania Law School, and Chicago-Kent School of Law (Order of the Coif). One member of the team holds a doctorate from the University of Southern California, and has taught communications on the university level. Surely with a collaborative effort, a team with this much brainpower can determine what a source of information and a public information company are. This kind of picayune objection has no place in any court.

The plaintiffs are not above similar discovery tactics. In their brief on the sanctions motion, they castigate a witness for not knowing the precise "distinction between" two sub-subsections of the Fair Credit Reporting Act. Witnesses provide factual information. It is not the witness's job to parse federal statutes. This kind of argument amounts to nothing more than legal posturing—small wonder the brief exceeds thirty pages.

The Court encourages the parties to cooperate on discovery. The Court cautions the

defendant that if it has obstructed discovery, it should correct any misconduct before the hearing on April 9, 2015. The Court also cautions the plaintiff that if it has overstated any claims in its brief in support of its motion for sanctions, it should correct those overstatements. Failure by either or both parties to follow the suggestions in this paragraph will result in the entry of unpleasant discover orders.

Finally, the Court suggests that the parties not engage in name-calling. The fact that one party disagrees with another party's filings (even filings that prove incorrect) does not mean that anyone has acted with "temerity" or similar malice aforethought. Litigation need not include brickbats.

It is so ORDERED.

Let the Clerk send a copy of this order to all counsel of record.

Date: March 2/, 2015
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge