IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

Tyrone B. Henderson, Sr., et al.,
on behalf of themselves and others similarly
situated,

                Plaintiff,

        v.

First Advantage Background Services,
Corp.,

           Defendant.

Civil Action No.  3:14-CV-00221

## ORDER OF PRELIMINARY APPROVAL
## OF CLASS ACTION SETTLEMENT

This matter is before the Court on a Motion by Plaintiffs, Terrell Manuel and Dawn M. Rosales, (hereinafter referred to as "Plaintiffs" or "Class Representatives"), with the consent of Defendant, First Advantage Background Services, Corp., (hereinafter referred to as "Defendant" or "First Advantage") (jointly referred to as the "Parties" or "Settling Parties"), for Preliminary Approval of the Class Action Settlement Agreement in the above-captioned matter ("Lawsuit"). The Parties have submitted a Stipulation of Settlement Agreement ("Agreement") that the Court has reviewed, and finds that it is just and proper that the Agreement be preliminarily approved.

Based upon the Agreement, the record and exhibits herein, and it appearing to the Court that upon preliminary examination, that the proposed settlement appears to be fair, reasonable, and adequate, and that a fairness hearing on the matter should and will be held on December 17, 2015, at 10:00 a.m., after notice to the Class Members, to confirm that the proposed settlement is fair, reasonable, and adequate, and to determine whether a Final Order and Judgment should be entered in this Lawsuit:

It is hereby ORDERED:

1. The Court finds that it has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto for purposes of settlement only.

2. Class Members – For settlement purposes only, and in accordance with Fed. R. Civ. P. 23(b)(3), the Lawsuit is hereby preliminarily certified as a class action on behalf of the following class of Plaintiffs (hereinafter referred to as the "Class Members"):

> All persons residing in the United States (including all territories and other political subdivisions of the United States) who First Advantage's records show, (a) contacted First Advantage to make a dispute within the two years that preceded the filing of this action and prior to July 1, 2014, (b) for which First Advantage refused to start an investigation because the consumer had not provided a copy of a government-issued ID and completed First Advantage's specific dispute form and/or otherwise took longer than 30 days to complete and respond to the dispute from the date of last contact from the consumer.

The class size is approximately 750 class members.

3. Class Representative and Class Counsel – For settlement purposes only, and in accordance with Fed. R. Civ. P. 23, the Court preliminarily certifies Plaintiffs Terrell Manuel and Dawn M. Rosales as the Class Representatives. The Court preliminarily approves Leonard A. Bennett, Matthew J. Erausquin, Casey S. Nash and Susan M. Rotkis of Consumer Litigation Associates, P.C.; Matthew A. Dooley and Anthony R. Pecora of O'Toole, McLaughlin, Dooley & Pecora, Co., LPA; Christopher Colt North, William L. Downing; and Dale W. Pittman of the Law Offices of Dale W. Pittman as Class Counsel.

4. Preliminary Class Certification – For settlement purposes only, the Court preliminarily finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

a. The Class Members are so numerous that joinder of all of them in the

Lawsuit is reasonably impracticable;

      b.     There are questions of law and fact common to the Class Members, which predominate over any individual questions;

      c.     The claims of the Plaintiffs are typical of the claims of the Class Members;

      d.     The Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and

      e.     Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to the other available methods for a fair an efficient adjudication of this controversy.

5.     For settlement purposes only, the Court preliminarily finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement appears preliminarily in all respects fundamentally fair, reasonable, adequate and in the best interest of the Class members, especially in light of the benefits to the Class Members, the strength of the Plaintiffs' case, the complexity, expense, and probably duration of further litigation, the risk and delay inherent in possible appeals, the risk of collecting any judgment obtained on behalf of the class, and the limited amount of any potential total recovery for the class.

6.     The Third-Party Class Action Administrator – The parties are authorized to retain McGladrey, LLP, which is a mutually agreeable third party administrator (the "Class Administrator") to assist in the administration of the settlement and the notification to Class Members. The Settlement Fund shall be used to pay the costs and expense for the Class Administrator, subject to the terms of the Stipulation of Settlement. The Class Administrator will be responsible for mailing the approved class action notices to the Class Members. A non-

interest bearing escrow account with an FDIC governed bank selected by Class Counsel and the Class Administrator (hereafter "the Escrow Account") will be established by the Class Administrator for purposes of depositing the Settlement Funds for the purposes described in the Stipulation of Settlement.

7.      First Advantage will deposit the full balance of the Settlement Fund in the Escrow Account no later than ten (10) business days after the Effective Date.  After the Effective Date, First Advantage will have no right of reversion to any funds remaining in the Settlement Fund, except as otherwise provided herein. The settlement checks shall issue from the Settlement Account only and the Class Administrator will verify that the settlement checks were mailed. The Class Administrator is permitted to obtain information governed by the Fair Credit Reporting Act for the sole purpose of locating current addresses of class members, pursuant to 15 U.S.C. § 1681b(a)(1).

8.      Notice – The Court approves the form and substance of the written notices of class action settlement, in the forms agreed to by the Parties, attached hereto as Exhibit B.

9.      Any members of any of the Class who wish to be excluded from the Class shall mail a written notice of exclusion to Class Counsel so that it is received no later than sixty (60) days from the date they were sent the Notice referenced in ¶ 8.

10.     Within ten days prior to the Final Fairness Hearing, Class Counsel shall file with the Court (a) any memoranda or other materials in support of final approval of the settlement;

11.     No later than ten (10) calendar days after the Effective Date, First Advantage shall pay Class Counsel One Hundred Thousand Dollars and Zero Cents ($100,000.00) in attorneys' fees. First Advantage understands that this sum is to paid in addition to the Settlement Funds.

12.     If the Stipulation of Settlement is terminated or is not consummated for any

4

reason whatsoever, the certification of the Class shall be void, and Plaintiffs and Defendant shall be deemed to have reserved all their respective rights to propose or oppose any and all class certification issues.

12.     Neither this Order nor the Stipulation of Settlement shall constitute any evidence or admission of liability by First Advantage, or an admission regarding the propriety of any certification for any particular class for purposes of litigation, nor shall they be offered in evidence in this or any other proceeding except to consummate or enforce the Settlement Agreement or the terms of this Order, or by Defendant in connection with any action asserting any claim of release.

It is so ORDERED.

8/27/15 /s/

John A. Gibney, Jr.
United States District Judge

UNITED STATES DISTRICT COURT JUDGE

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

**TYRONE B. HENDERSON, Sr.,** *et al.,*
**on behalf of themselves and others similarly situated,**

      **Plaintiffs,**

        **v.**                              **Case No. 3:14-CV-00221-JAG**

**FIRST ADVANTAGE BACKGROUND SERVICES,**
**CORP.,**

      **Defendant.**

### NOTICE OF CLASS ACTION LAWSUIT AND PROPOSED SETTLEMENT

**PLEASE READ THIS NOTICE CAREFULLY. THIS NOTICE EXPLAINS THAT**
**YOU MAY BE ENTITLED TO RECEIVE A SETTLEMENT PAYMENT.**
**THIS IS NOT A NOTICE OF A LAWSUIT AGAINST YOU.**

**Why did I get this notice?**

This notice is being sent by order of the United States District Court for the Eastern District of Virginia.

This is a notice of a proposed settlement in a class action lawsuit against First Advantage Background Services Corp. ("First Advantage"). You are a member of the class. The settlement would resolve a lawsuit brought on behalf of the following persons:

All natural persons residing in the United States (including all territories and other political subdivisions of the United States) who First Advantage's records show, (a) contacted First Advantage to make a dispute within the two years that preceded the filing of this action and prior to July 1, 2014, (b) for which First Advantage refused to start an investigation because the consumer had not provided a copy of a government-issued ID and completed First Advantage's specific dispute form and/or otherwise took longer than 30 days to complete and respond to the dispute from the date of last contact from the consumer.

Your legal rights will be affected by the settlement of this lawsuit.

Please read this notice carefully. It explains the lawsuit, the settlement, your legal rights, the process to exclude yourself from the settlement, or to object to the settlement.

### SUMMARY OF OPTIONS

YOU HAVE THREE OPTIONS:

| | | |
|---|---|---|
| 1. | DO NOTHING: | If you do nothing, you will be releasing your claims and you will receive a check. |
| 2. | OBJECT: | If you wish to object to this settlement, you must follow the procedures detailed below. |
| 3. | OPT OUT: | If you do not want to claim any money and do not want to be included in the case – for example if you want to file your own lawsuit – you must exclude yourself, also called "opting out," which you must do by following the procedures detailed below. |

QUESTIONS: Visit www.hendersonFA.com OR Call 1-800-222-2760

**What is this lawsuit about?**

This lawsuit was filed on March 28, 2014, in the United States District Court for the Eastern District of Virginia. The Plaintiffs, Tyrone B. Henderson, Sr., Charles E. White, Terrell Manuel, and Dawn M. Rosales claim that First Advantage violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"). The lawsuit raised two sets of claims -- individual claims and class claims -- The individual claims were settled separately, and all class claims except one were voluntarily dismissed. In the remaining class claim, Mr. Manuel and Mrs. Rosales allege that the First Advantage prepared employment-related background reports containing a criminal record of another person and that the First Advantage did not timely investigate their claims when they disputed information on their reports.

First Advantage denies Plaintiffs' allegations and claims and that it violated any law or regulation and states that it properly investigated Mr. Manual's and Mrs. Rosales' claims.

The Court has not made any findings regarding liability or damages nor has it expressed an opinion on the merits of the case.

**Why is this a class action?**

In a class action, one or more people, called "Class Representatives" (in this case Mr. Manuel and Mrs. Rosales), sue on behalf of people who have similar claims. All of these people together are a "Class" or "Class Members." The settlement provides relief for all persons who are members of the Class, except for those who exclude themselves from the Class.

**Why is there a settlement?**

The Plaintiffs and First Advantage have agreed to settle the lawsuit to avoid the time, risk, and expense of defending the lawsuit and to achieve a final resolution of the claims. Under the proposed settlement, Class Members will be paid cash in exchange for giving up certain legal rights. The Class Representatives and their attorneys think the settlement is best for all Class Members.

**How do I know if my claims are included in the settlement?**

You received this notice because First Advantage's records identified you as a Class Member. That means you fit the description of a Class Member, which the Court certified for this settlement, when you attempted to dispute information with First Advantage and it failed to initiate an investigation because you had not provided a copy of a government-issued ID and completed First Advantage's specific dispute form and/or otherwise took longer than 30 days from the date of your last contact with First Advantage to complete and respond to your dispute.

**What does the settlement provide?**

In this case, First Advantage has agreed to pay Five Hundred Dollars and Zero Cents ($500.00) per Class Member. Separate from the payout to Class Members, and subject to the Court's approval, First Advantage will pay $100,000 for attorneys' fees, costs, and expenses. Also separate, First Advantage will pay the reasonable costs associated with the administration of the settlement. To the extent there are funds remaining in the form of uncashed and/or returned checks, First Advantage will receive reimbursement of the costs of settlement administration. After that, any excess remaining funds will go to a *cy pres* recipient, Virginia Health Care Foundation, subject to approval by the Court.

**How much will I be paid?**

First Advantage will pay each Class Member $500.00.

**How was the amount of my payment determined?**

A United States Magistrate Judge acted as a neutral mediator and helped the parties settle the case. After evaluating the costs, risks, and delays the parties would have encountered bringing this case to trial, the parties arrived at the settlement amounts.

QUESTIONS: Visit www.hendersonFA.com OR Call 1-800-222-2760

Class Counsel first obtained the class settlement, and only negotiated the amount of attorneys' fees, costs, and expenses that First Advantage would pay after the class settlement was agreed. This attorneys' fees negotiation was also facilitated by the Magistrate Judge.

**How can I get a payment?**

To qualify for a Class Member payment, you do not have to do anything. Unless you exclude yourself from the Class Settlement pursuant to the instructions in this notice, also called "opting out," you will receive your payment upon approval of the settlement by the Court.

**When will I be paid?**

If the Court approves the settlement, you will be paid as soon as possible after the Court order becomes final. If there is an appeal of the settlement, payment may be delayed.

**What rights am I giving up in this settlement?**

Unless you exclude yourself from this settlement, you will be considered a member of the Class, which means you give up your right to sue or continue a lawsuit against First Advantage regarding the legal issues that were raised in this case. Giving up your legal claims is called a release. Unless you formally exclude yourself from this settlement, you will release your claims and receive a settlement payment.

The released parties collectively include First Advantage and their agents, servants, and attorneys. You will be releasing these parties from all claims relating to First Advantage's consumer dispute and investigation process.

For more information on the release, released parties, and released claims, you may obtain a copy of the Settlement Agreement from the Court at the address below or by visiting the settlement website at www.claimsinformation.com/fadv.aspx.

**Can I exclude myself from the settlement?**

You may exclude yourself from the settlement. If you exclude yourself from the settlement, you will not receive any payment, but you will retain the right to sue First Advantage separately, at your own expense, for any claims you might have.

**How do I exclude myself from the settlement?**

If you wish to be excluded, you must mail a written request for exclusion to the Settlement Administrator at:

Henderson v. First Advantage Background Services Corp.
c/o McGladrey LLP
P.O. Box 1327
Blue Bell, PA  19422

Your request for exclusion must be in writing and postmarked on or before November 9, 2015. The request must state: "I do not want to be part of the Class in *Henderson v. First Advantage Background Services Corp.*, Case No. 3:14-CV-00221-JAG." The request should be signed, with your name, address, and telephone number printed below your signature. The address you use should be the address to which this notice was mailed so that you can be properly identified.

**When and where will the Court decide whether to approve the settlement?**

The Court will hold a Fairness Hearing on December 17, 2015 at 10:00 am. The hearing will be held in the United States District Court, Eastern District of Virginia, 701 East Broad Street, Richmond, VA 23219. At the Fairness Hearing, the Court will consider whether the proposed settlement is fair, reasonable, and adequate. The Court will hear objections, if any, to

QUESTIONS: Visit www.hendersonFA.com OR Call 1-800-222-2760

the settlement.

After the hearing, the Court will decide whether to approve the settlement.  We do not know how long the Court will take to make its decision.  In addition, the hearing may be continued at any time by the Court without further notice to you.

**Do I have to attend the hearing?**

No.  You are not required to attend the hearing, but you are welcome to attend the hearing at your own expense, and you may ask the Court's permission to speak.  To do so, you must send a letter stating that it is your intention to appear in *Henderson v. First Advantage Background Services Corp.*, Case No. 3:14-CV-00221-JAG.  Be sure to include your name, address, telephone number, and signature.  Your letter stating your intention to appear must be received no later than December 1, 2015, and be sent to the Clerk of Court, Class Counsel, and Defense Counsel at the addresses below.

You cannot speak at the hearing if you have excluded yourself from the settlement.  Once you have excluded yourself, the settlement does not affect your legal rights.

**What if I want to object to the settlement?**

If you have not excluded yourself from the settlement, you can object to the settlement if you do not believe it is fair or reasonable.  If you wish to object, you must write a letter to the Court stating the specific reason for your objection and describing any evidence you wish to introduce to support your objection.  Please include your name, address, telephone number, and your signature.  Your letter must be mailed to all of the locations listed below, postmarked by November 9, 2015.  You may combine your objection with a letter stating your intention to appear.

| Court | Class Counsel | Defense Counsel |
|---|---|---|
| Clerk of the Court<br>United States District Court<br>Eastern District of Virginia<br>701 East Broad Street<br>Richmond, VA 23219 | Leonard A. Bennett<br>Susan M. Rotkis<br>Consumer Litigation Assoc., P.C.<br>763 J. Clyde Morris Blvd. Ste. 1A<br>Newport News, VA 23601<br><br>Matthew A. Dooley<br>Anthony R. Pecora<br>O'Toole McLaughlin Dooley &<br>Pecora Co LPA<br>5455 Detroit Rd<br>Sheffield Village, OH 44054<br><br>Matthew J. Erausquin<br>Casey S. Nash<br>Consumer Litigation Assoc., P.C.<br>1800 Diagonal Rd, Suite 600<br>Alexandria, VA 22314<br><br>Christopher Colt North<br>William L. Downing<br>The Consumer and Employee<br>Rights Law Firm PC<br>751-A Thimble Shoals Blvd.<br>Newport News, VA 23606 | Taron Kato Murakami<br>Seyfarth Shaw LLP<br>975 F Street, NW<br>Washington, DC 20004-1454<br><br>Frederick T. Smith<br>Esther Slater McDonald<br>Seyfarth Shaw LLP<br>1075 Peachtree St. NE, Ste. 2500<br>Atlanta, GA 30309<br><br>David J. Rowland<br>Pamela Q. Devata<br>Seyfarth Shaw LLP<br>131 S Dearborn St<br>Suite 2400<br>Chicago, IL 60603-5577 |

**What if I do nothing?**

If you do nothing, you will get a check for $500.00.  Unless you exclude yourself from the settlement, you will not be able to sue or continue a lawsuit against the released parties regarding the legal issues in this case.

QUESTIONS: Visit www.hendersonFA.com OR Call 1-800-222-2760

**What will happen if the Court does not approve the settlement?**

If the Court does not approve the settlement, or if it approves the settlement and the approval is reversed on appeal, or if the settlement does not become final for some other reason, you will not be paid at this time and the case will continue. The parties may negotiate a different settlement, or the case may go to trial.

**Who represents the Class?**

The attorneys who have been appointed by the Court to represent the Class are:

Leonard A. Bennett
Susan M. Rotkis
Consumer Litigation Assoc., P.C.
763 J. Clyde Morris Blvd. Ste. 1A
Newport News, VA 23601

Matthew A. Dooley
Anthony R. Pecora
O'Toole McLaughlin Dooley & Pecora Co LPA
5455 Detroit Rd
Sheffield Village, OH 44054

Matthew J. Erausquin
Casey S. Nash
Consumer Litigation Assoc., P.C.
1800 Diagonal Rd, Suite 600
Alexandria, VA 22314

Christopher Colt North
William L. Downing
The Consumer and Employee Rights Law Firm PC
751-A Thimble Shoals Blvd.
Newport News, VA 23606

**Where can I get additional information?**

This notice is only a summary of the proposed settlement of this lawsuit.  All pleadings and documents filed in Court, including the Settlement Agreement, may be reviewed and downloaded at www.hendersonFA.com or reviewed and copied at the Clerk of Court, United States District Court for the Eastern District of Virginia.  For additional information, you may call the Settlement Administrator at 1-800-222-2760 or write to them at *Henderson v. First Advantage Background Services Corp.*, c/o McGladrey LLP, P.O. Box 1327, Blue Bell, PA  19422.  **Please do not call the Judge about this case.**  Neither the Judge nor the Clerk of Court will be able to give you advice about this case.

Clerk of Court
United States District Court
Eastern District of Virginia

DATED: September 8, 2015

QUESTIONS: Visit www.hendersonFA.com OR Call 1-800-222-2760