UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

**TYRONE B. HENDERSON, SR., et al.,**
*On behalf of themselves and others similarly situated*,

        **Plaintiffs,**

v.                        CIVIL ACTION NO.: 3:14-cv-00221

**FIRST ADVANTAGE BACKGROUND SERVICES, CORP.**

        **Defendant.**

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' CONSENT MOTION TO STAY ALL DEADLINES FOR 14 DAYS

Plaintiffs, by counsel, and with the consent of the Defendant, have moved the court to stay all deadlines for 14 days. On August 28, 2015, the court entered an Order preliminarily approving the class action settlement of this case and setting deadlines. (Doc. 90). For example, the Order required the Class Administrator to send the Class Notice to the class by September 8, 2015. Pursuant to the Order and the settlement, the Class Administrator prepared the Class Notice for mailing. The Defendant compiled and delivered the preliminary Class List to the Class Administrator on September 1, 2015, and an updated and final list on September 3, 2015. The final list was comprised of 456 individuals, six of which were determined to be duplicates. Thus, the final class size was 450. When the parties negotiated the settlement of this case, the Defendant estimated that the class size was 750 class members. Class size was a material term of the settlement. (Doc. 80 at 4; 80-1 at ¶ 2.2; Doc. 90 at ¶ 2). Due the change in class size, Class Counsel instructed the administrator to forbear on mailing the notices until the issue could

1

be resolved. Counsel have met and conferred, and are endeavoring to resolve this disparity between the estimated class size and the actual class size. The parties believe that it is not proper to send out the Class Notice until this disparity in a material term is resolved. Therefore, the parties seek a two-week stay of all deadlines in the August 28, 2015, Order, in order to work toward resolution of the disparity in class size, to investigate how the class size was determined, to further discuss how the disparity in class size impacts the other settlement terms. The parties will file a joint status report on September 17, 2015, to apprise the court of the progress the parties have made to resolve this issue. The parties further request a conference call with the court in approximately 14 days to provide a status report and proposed plan.

**Legal Standard**

This court has explained that its power to stay proceedings is incidental to a court's inherent power to control its own docket. *ePlus, Inc. v. Lawson Software, Inc.*, CIV. 3:09CV620, 2010 WL 1279092, at *1-2 (E.D. Va. Mar. 31, 2010)(citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). It is within the court's broad discretion to stay the briefing pending class discovery. *Clark v. Wells Fargo Fin'l, Inc.*, Civ. No. 1:08CV343, 2008 WL 47874444, at *8 (M.D.N.C. Oct. 30, 2008). The court may exercise its discretion to "weigh competing interests and maintain an even balance." *Landis*, 299 U.S at 255; *see also Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183-84 (1952).

In *ePlus*, this court relied on the Federal Circuit's application of Landis:

> In deciding to stay proceedings indefinitely, a trial court must first identify a pressing need for the stay. The court must then balance interests favoring a stay against interests frustrated by the action. Overarching this balance is the court's paramount obligation to exercise jurisdiction timely in cases properly before it.

*ePlus*, 2010 WL 1279092, at *2, (quoting *Cherokee Nation of Oklahoma v. United States*, 124 F.3d 1413, 1416 (Fed.Cir.1997)). The court identified and analyzed the following factors in

2

determining whether a stay is appropriate: discovery and trial date; simplifying matters at issue; prejudice to the non-moving party; hardship going forward; balancing of interests. *ePlus*, 2010 WL 1279092, at *2-5. Because this case is in a posture where it has been preliminarily approved as a class action settlement, these factors are best viewed in the context of resolution by compromise.

**Argument**

A stay of the current deadlines in this case makes sense because an issue has arisen that affects a material term of the settlement: class size. The final class size is substantially smaller – 40% smaller – than the estimate provided by the Defendant in mediation and relied upon by the Plaintiffs in negotiating the compromise. Class Counsel and the court have a duty to protect the interests of the absent class members by reviewing the class member information and determining whether the Settlement is fair, reasonable and adequate given the material change in the number of individual class members. Plaintiff does not request an indefinite stay of deadlines in the court's Order preliminarily approving the settlement, and a stay long enough to determine whether the parties can resolve the disparity in class size and develop a plan for doing so. (Doc. 90).

1. **Discovery and trial date**

There is no discovery pending or trial date set since this case has been settled. However, there are important deadlines by which the class notice was to have been mailed (September 8, 2015), in order to give the class members enough time to object or opt out of the settlement prior to the fairness hearing set for December 17, 2015. It would be expensive and confusing to send out class notices that may be drastically different, moot, or irrelevant by the time the parties work

out a resolution to the class-size issue. The parties have already begun meeting and conferring on addressing this issues, which factors weigh in favor of entering a stay of the deadlines.

### 2. Simplifying the matters at issue

Matters have been complicated in this case, but not indefinitely so. The parties are working together to develop a plan to evaluate the class member information to examine whether the class size is actually 450 and how that was determined. At that point, the parties will be able to address the 40% change in class size as it relates to the settlement terms.

Certainly, knowing how the class size was determined and how to resolve the impact on the settlement will simplify the complication that has arisen. A stay of the deadlines will simplify matters because it will allow the parties to narrow the focus of their disagreement, which may be very different from the information that is now known. Thus, simplification weighs in favor of a stay.

### 3. Prejudice to the Defendant

A short stay pending the outcome of the meet and confer process will not unduly legally prejudice the Defendant. A stay of limited duration will not prevent Defendant from asserting any claim or defenses, but may in fact operate to narrow or limit the issues it may have to defend. Defendant's business will not be harmed, nor will it be required to incur legally prejudicial expense and uncertainty, because the stay would be terminated as soon as the parties are able to fully discuss the possible solutions to the current class size problem.

### 4. Balance of Interests

The Plaintiff has articulated good reasons to stay the deadlines, particularly to protect the interests of the class members for whom the settlement was negotiated based upon a

representation of estimated class size. The Defendant agrees that it would be a waste of resources and confusing to the class to send out the current erroneous notice.  The stay will not be lengthy.

## Conclusion

For these reasons, the Plaintiff respectfully requests an Order staying all deadlines for 14 days and thereafter setting a conference call with the court.

Respectfully submitted,

**TYRONE B. HENDERSON, TERRELL MANUEL, DAWN M. ROSALES, KELVIN M. THOMAS, and CHARLES E. WHITE, on behalf of themselves and all others similarly situated,**

By_____/s/_____
Susan M. Rotkis, VSB#40693
CONSUMER LITIGATION  ASSOCIATES, P.C.
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
E-mail:  srotkis@clalegal.com
Leonard A. Bennett, VSB #37523
CONSUMER LITIGATION  ASSOCIATES, P.C.
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
E-mail:  lenbennett@clalegal.com


Matthew A. Dooley (Admitted Pro Hac Vice)
Anthony R. Pecora (Admitted Pro Hac Vice)
O'TOOLE McLAUGHLIN DOOLEY
& PECORA CO LPA
5455 Detroit Road
Sheffield Village, Ohio 44054
Telephone:     (440) 930-4001

        Facsimile:   (440) 930-7208
        Email:       mdooley@omdplaw.com
                        apecora@omdplaw.com

        Christopher Colt North, VSB#16955
        The Consumer & Employee Rights Law Firm, P.C.
        751-A Thimble Shoals Boulevard
        Newport News, VA 23606
        Phone: (757) 873-1010
        Fax: (757) 873-8375
        Email: cnorthlaw@aol.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of September 2015, I electronically filed the foregoing document using the CM/ECF system, which will serve and electronically notify the following of the filing:

Taron Kato Murakami
Seyfarth Shaw LLP
975 F Street, NW
Washington, DC 20004-1454
202-463-2400
Fax: 202-828-5393
Email: tmurakami@seyfarth.com

Frederick Thomas Smith
Esther Slater McDonald
Seyfarth Shaw LLP
1075 Peachtree St NE
Suite 2500
Atlanta, GA 30309-3962
(404) 885-1500
Fax: (404) 724-1521
Email: fsmith@seyfarth.com

Pamela Q Devata
Seyfarth Shaw LLP (IL-NA)
131 S Dearborn St
Suite 2400
Chicago, IL 60603-5577
(312) 460-5000
Fax: (312) 460-7882
Email: pdevata@seyfarth.com

Rebecca Suzanne Bjork
Seyfarth Shaw LLP
975 F Street NW
Washington, DC 20004-1454
(202) 828-5340
Fax: (202) 641-9219
Email: rbjork@seyfarth.com


                                                /s/
Susan M. Rotkis VSB 40693
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
E-mail: srotkis@clalegal.com