IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION



FILED
MAR 17 2016
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

| | |
|---|---|
| TYRONE B. HENDERSON, SR., et al., on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br>v.<br>FIRST ADVANTAGE BACKGROUND SERVICES, CORP.<br><br>Defendant. | Civil Action No. 3:14-CV-00221 |

## ORDER OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT, ATTORNEYS' FEES AND CLASS REPRESENTATIVE SERVICE AWARD

1. Pursuant to Fed. R. Civ. P. 23(e), the Settlement of this action, as embodied in the terms of the Settlement Agreement, is hereby finally approved as a fair, reasonable and adequate settlement of this Action in light of the factual, legal, practical and procedural considerations raised by this action. The Settlement Agreement is hereby incorporated by reference into this Final Order and Judgment Approving Settlement and Dismissing Action ("Order"). Capitalized terms in this Order shall, unless otherwise defined, have the same meaning as in the Settlement Agreement.

2. Pursuant to Fed. R. Civ. P. 23, the Court hereby finally certifies the following Settlement Class:

> All persons residing in the United States (including all territories and other political subdivisions of the United States) who First Advantage's records show, (a) contacted First Advantage to make a dispute within the two years that preceded the filing of this action and prior to July 1, 2014, (b) for which First Advantage refused to start an investigation because the consumer had not provided a copy of a government-issued ID and completed First Advantage's specific dispute form and/or otherwise took longer than 30 days to complete and respond to the dispute from the date of last contact from the consumer.

There are 450 members of the Class.

3. The Court specifically finds that:

   a. The Class is so numerous that joinder of all members is impracticable.

    b.    There are questions of law or fact common to the Class.

    c.    The claims of Representative Plaintiffs are typical of the claims of the Class that Representative Plaintiffs seek to certify.

    d.    Representative Plaintiffs and Plaintiffs' Counsel will fairly and adequately protect the interests of the Class.

    e.    The questions of law or fact common to members of the Class, and which are relevant for settlement purposes, predominate over the questions affecting only individual members.

    f.    Certification of the Class is superior to other available methods for fair and efficient adjudication of the controversy.

4. The Court appoints Terrell Manuel and Dawn M. Rosales as representatives of the Settlement Class, and finds that [they meet] the requirements of Fed. R. Civ. P. 23.

5. The Court appoints the following lawyers as class counsel to the Settlement Class, and finds that they meet the requirements of Fed. R. Civ. P. 23:

Leonard A. Bennett
Susan M. Rotkis
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23601

Matthew A. Dooley
Anthony R. Pecora
O'Toole, McLaughlin, Dooley & Pecora Co., LPA
5455 Detroit Road
Sheffield Village, Ohio 44054

Matthew J. Erausquin
Casey S. Nash
Consumer Litigation Associates PC
1800 Diagonal Rd
Suite 600
Alexandria, VA 22314

Christopher Colt North
William L. Downing
The Employee & Consumer Rights Law Firm, P.C.

751-A Thimble Shoals Blvd.
Newport News, VA 23606

Dale W. Pittman
Law Offices of Dale W. Pittman
112 W. Tabb St. Suite A
Petersburg, VA 23803

6. As set forth in the Court's Order of January 19, 2016, this Court convened the Final Approval Hearing at 2:00 p.m. on March 17, 2016, in the United States District Court for the Eastern District of Virginia in Richmond, Virginia. The parties appeared through their counsel and no other class members were in attendance.

7. The Court finds that notice previously given to Class Members in the Action was the best notice practicable under the circumstances, and satisfies the requirements of due process and Fed. R. Civ. P. 23. The Court further finds that, because (a) adequate notice has been provided to all Class Members and (b) all Class Members have been given the opportunity to object to, and/or request exclusion from, the Settlement, the Court has jurisdiction over all Class Members. The Court further finds that all requirements of statute, rule, and the Constitution necessary to effectuate this Settlement have been met and satisfied.

8. After due consideration of the Representative Plaintiffs' likelihood of success at trial; the range of the Representative Plaintiffs' possible recovery; the complexity, expense, and duration of the litigation; the lack of any opposition to the Settlement, and the role played by the Magistrate Judge in assisting the parties in reaching the Settlement; the reaction of Class Members to the Settlement; the state of proceedings at which the Settlement was achieved; the arms-length nature of the negotiations leading to the Settlement; the litigation risks to the Representative Plaintiffs and the Class Members; all written submissions and arguments of counsel; and after notice and a hearing, this Court finds that the terms of the Settlement and the Settlement Agreement, including all exhibits thereto are fair, adequate and reasonable, and are in the best interest of the Settlement Class. Accordingly, the Settlement Agreement should be and

is approved and shall govern all issues regarding the Settlement and all rights of the Parties, including the Settlement Class Members.

9. Upon consideration of Class Counsel's application for attorneys' fees and litigation costs, the Court finds that the fee requested by Class Counsel is reasonable. The parties agreed to a fixed amount of $100,000.00, but in light of Class Counsel's application that the fee recovered should reflect a percentage of the amount recovered for the class, the Court finds that Class Counsel's request is properly fixed at one-third of the cash settlement obtained for the Class. Therefore, the aggregate amount of the Attorney Fee/Litigation Cost Award is hereby fixed at $ 75,000.00. This aggregate award resolves, without limitation, all claims for attorneys' fees and litigation costs incurred by (a) Class Counsel, (b) any other counsel representing (or purporting to represent) Plaintiffs or Class Members (or any of them), and (c) Representative Plaintiffs or the Class Members (or any of them) in connection with or related to any matter in the Action, the Settlement, the administration of the Settlement, and any of the matters or claims within the scope of the Release, as provided in the Settlement Agreement.

10. Upon consideration of Representative Plaintiffs' application for a service award, the amount of the Class Representative Awards is hereby fixed at $5,000.00 (five thousand dollars) to be paid each to Terrell Manuel and Dawn M. Rosales, which amount shall be paid from the Attorneys' Fees Award.

11. Upon consideration of the request for approval of a *cy pres* recipient and pursuant to the Settlement Agreement, the Court finds that the Virginia Health Care Foundation is an appropriate recipient of the settlement excess amount, if any, to be paid after the reimbursement of administration expenses.

12. In accordance with the Settlement Agreement, and to effectuate the Settlement, the Settlement Administrator shall cause:

    (a) the Settlement Payments to be provided to Settlement Class Members in accordance with the terms of the Settlement Agreement;

    (b) the aggregate Attorney Fee/Litigation Cost Award made in Paragraph 9 above to be disbursed to Class Counsel in accordance with the terms of the Settlement Agreement;

    (c) the Class Representative Award made in Paragraph 10 above to be disbursed to Class Counsel in accordance with this Order;

    (d) the Settlement Amount Excess, if any, to be paid first to reimburse the Defendant for administration expenses incurred by RSM US LLP; after that amount is paid, any remaining excess to be paid to the Virginia Health Care Foundation as *cy pres*.

  13. The Action and all claims against the Defendant are hereby dismissed on the merits and with prejudice. The judgment shall be without costs to any Party.

  14. No Class Members validly excluded themselves from this action.

  15. No Class Member filed or served a valid objection to the Settlement. Therefore, pursuant to paragraph 1.11 of the Settlement Agreement, the Effective Date shall be the date this order is entered.

  16. Representative Plaintiffs and each Class Member shall be forever bound by this Order and the Settlement Agreement including the Release set forth in the Settlement Agreement.

  17. The Release set forth in the Settlement Agreement shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits, other proceedings maintained by or on behalf of Representative Plaintiffs, Class Members and each of the Releasing Persons concerning matters and claims that were or could have been asserted in the Action, and/or are encompassed within the scope of the Release, as embodied in Section III of the Settlement Agreement.

  18. The Defendant and all Released Persons each are hereby forever discharged by Representative Plaintiffs, Class Members and the Releasing Parties from all matters and claims within the scope of the Release, as embodied in the Settlement Agreement.

19. Representative Plaintiffs and every Class Member are permanently enjoined from bringing, joining, assisting in, or continuing to prosecute against the Defendant or any Released Person any claim that was brought in the Action for which a release is being given under the Settlement Agreement.

20. This Order, the Settlement Agreement, any document referred to in this Order, any action taken to carry out this Order, any negotiations or proceedings related to any such documents or actions, and the carrying out of and entering into the terms of the Settlement Agreement, shall not be construed as, offered as, received as or deemed to be evidence, impeachment material, or an admission or concession with regard to any fault, wrongdoing or liability on the part of the Defendant whatsoever in the Action, or in any other judicial, administrative, regulatory action or other proceeding; provided, however, this Order may be filed in any action or proceeding against or by the Defendant or the Released Persons, or any one of them, to enforce the Settlement Agreement or to support a defense of *res judicata*, collateral estoppel, release, accord and satisfaction, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

21. The notice required by 28 U.S.C. § 1715 has been provided, more than 90 days will have passed between when that notice was given and the effective date of this Final Order, and there shall be no basis under 28 U.S.C. § 1715(e) for any Class Member to refuse or fail to be bound by the Settlement Agreement or this Order.

22. In the event that Final Approval is not achieved for any reason, then the Settlement Agreement, this Final Order, the certification of the Settlement Class and all other terms herein, together with any other orders or rulings arising from or relating to the Settlement Agreement, shall be void and their effect vacated.

23. Except as expressly provided for in this Final Order and Judgment, the Settlement Agreement shall govern all matters incident to the administration of the Settlement hereafter, including applicable deadlines, until further order of this Court or written agreement of the Parties.

24. Without in any way affecting the finality of this Final Order and Judgment for purposes of appeal, this Court hereby retains jurisdiction as to all matters relating to the interpretation, administration, implementation, effectuation and/or enforcement of the Settlement Agreement and/or this Order.

Dated: 3/17, 2016

/s/ 
John A. Gibney, Jr.
United States District Judge